MANGUS WALKER v. THE STATE.

No. 20511. Delivered October 25, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Walker Saulsbury* and *Byron Skelton,* both of Temple, and *Paul C. Boethel,* of Hallettsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is turkey theft. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first complaint is that the court erred in overruling his motion to quash the indictment. We have examined the same and deem it sufficient to charge the offense.

His next complaint is that the court erred in overruling his application for a severance, duly verified as required by law. It appears from the indictment that Gus Walker, Fannie Walker and the appellant were jointly indicted for the theft of seven turkeys, alleged to have been stolen from Forrest

Brown on the night of November 14, 1938. Appellant, in due time, filed a motion for severance in which he averred that the testimony of Gus and Fannie Walker was material to his defense and that he believed the evidence was not sufficient against them to secure their conviction. He requested that Gus should be tried first and Fannie next before he should be tried. The court overruled the motion without stating any reason therefor.

Under Art. 651 C. C. P. and the decisions of this Court, appellant was entitled to a severance unless it would have caused a continuance of the case, provided his motion was in proper order and assuming that it was not controverted by the State. There is nothing in this record to show that a continuance would have resulted by granting appellant's motion. It appears from the indictment that all these parties were jointly indicted, and it further appears that appellant alone was tried. It is our opinion that in the absence of a verified motion by any of appellant's co-defendants asking that appellant be tried first, he was entitled to have them placed on trial first, in the order indicated in his motion. In the case of McBride v. State, 121 Tex. Crim. Rep., 549, 51 S. W. (2d) 337, this court said: "When two or more persons are charged with the same offense and their cases are pending in the same court, unless a continuance would result, the duty to grant a severance, when properly sought, is imperative." See, also, Vargas v. State, 104 Tex. Crim. Rep., 283, 284 S. W. 564. This court has many times held that the purpose, object, and spirit of the severance statutes is to award the accused, under proper circumstances, the testimony of a codefendant, free and untrammeled as near as possible from any indictment. It appears that in the instant case this legal right was not accorded to appellant. See Terry v. State, 76 S. W., 928; Smith v. State, 116 S. W., 572, Peddy v. State, 40 S. W. (2d), 153.

Appellant also complains of the court's action in failing to instruct the jury with reference to the law of exculpatory statements and declining to give his special requested instruction with reference thereto. The evidence, adduced by the State, reflects that when the appellant was arrested and questioned about where he had obtained the turkeys, he immediately told the officers that he had gotten them from his mother in Lavaca County. This proof was offered by the State, and unless the State proved the falsity of the statement, appellant was entitled to an acquittal. Under these facts, the court should have instructed the jury correctly and distinctly as to the effect of such exculpatory statements. See Robidoux v.

State, 34 S. W. (2d) 863; Otts v. State, 116 S. W. (2d), 1084 and the many authorities there cited and discussed.

Appellant also in due time objected to the court's definition of principals and in failing to instruct the jury on the converse of the law of principals. After a very careful review of the record, we have reached the conclusion that the evidence did not require an instruction on the converse of the law of principals. We do not deem it necessary to discuss the many other contentions advanced by appellant as they may not arise again on another trial.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING

CHRISTIAN, Judge.

After re-examining the evidence in the light of the State's motion for rehearing we remain of the opinion that the court should have instructed the jury as to the effect of exculpatory statements. We think the case is ruled by Otts v. State, 116 S. W. (2d) 1084. In the course of the opinion in that case Judge Hawkins, speaking for the court, used language as follows:

"In Robidoux v. State, 116 Tex. Cr. R. 432, 34 S. W. (2d) 863, the question arose as to whether the trial court had given a sufficient charge upon the effect of an exculpatory declaration proved by the State. Without reviewing or referring to any authority the late lamented Judge Lattimore wrote as follows (page 865): "It appears * * * that, if in proving its case, the state put before the jury statements of the accused which, if true, would entitle him to an acquittal, there should be some direct and positive instruction given to the jury to that effect. * * * In other words, the right of the accused in such instance should be stated to the jury in plain and unmistakable language, so that they may know that the defendant is entitled to an acquittal if such exculpatory statements be not disproved or shown to be false by other testimony.' It may be admitted that the statement just quoted is not in accord with the announcement in other cases in some of which the opinions were written by the same learned judge, unless the apparent discrepancy may be accounted for by differing

facts, which as heretofore stated, makes it difficult to arbitrarily announce an inflexible rule. Some of the cases last referred to are Harris v. State, 103 Tex. Cr. R. 479, 281 S. W. 206; Foster v. State, 107 Tex. Cr. R. 376, 296 S. W. 537.

"After having examined all of the authorities cited by appellant and many others as well, and with the desire to be of some aid to the trial judge under the present state of our decisions on the point at issue the writer ventures the following suggestion as a comparatively safe guide for the trial judge in determining ordinarily whether an instruction on exculpatory statements should be given. The ruling in Robidoux' Case, supra, seems a just and fair one, but should be stated with the qualification now to be indicated. Where the defendant does not testify in the case, and where the State in developing its case in chief introduces in connection with a confession or admission of the defendant an exculpatory statement which if true would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case. Without such instruction the jury has no information which may guide them in dealing with the exculpatory statement. The State has no just ground to complain of such instruction, for as heretofore pointed out, the State is not required to introduce the exculpatory statement, but having done so the jury should know how to deal with it, and the jury receives no information upon that subject even though the defensive issue raised by the exculpatory statement is submitted. What has been said can not be taken as an invariable rule, but it may partly aid the situation."

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.