### MAURICE ROBERTSON V. STATE.

No. 26,806. February 3, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 24, 1954.

*Ben F. Mooring,* Paris, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the unlawful possession of whiskey for the purpose of sale in a dry area, with a prior conviction of like character alleged for enhancement of penalty; the punishment, one year in jail and a fine of $500.

It was stipulated that Lamar County was a dry area.

It was further stipulated that appellant was convicted on February 2, 1953, for the possession of whiskey for the purpose of sale in a dry area.

Appellant challenges the sufficiency of the evidence to support the conviction.

On the night of August 8, 1953, Deputy Sheriffs Fuller and White were seated in an automobile near Barrett's Recreation Center in Paris, Texas. Deputy Sheriff Fuller testified that while seated in the automobile he saw appellant come out of some bushes about 11 P. M. and meet two persons near a street light, who had come from a dance hall about thirty yards away; that he was about twenty-five yards from them; that he saw a package pass from appellant to these persons; he further testified that he saw appellant come out of the bushes again when "Charles Tatum came out and whistled and Maurice came out of the bushes and they had a little conversation and he went back into the bushes and Charles Tatum went back into Barrett's." He further testified that "A few minutes after that another party came from the dance hall or the building at Barrett's and walked down same place as first two walked past the light pole and the defendant came out of the bushes again;" that Deputy Sheriff White went to appellant, took a pint of whiskey from him and "found another pint of whiskey back in the grass * * * west from where he came from."

Deputy Sheriff White testified that on the night of August 8, 1953, "I saw Lemoine Womack and another party, I believe it was John Ladd, come out of the dance hall, walk down to this light pole, go behind an automobile parked across from

where Maurice (appellant) was concealed, and Maurice came out of the bushes;" that "Maurice handed Lemoine Womack a package, who in turn handed it to John Ladd;" that "Mr. Ladd gave some object to Lemoine Womack, who in turn handed it to Maurice Robertson and he crammed it in his pocket;" that the object he saw Maurice Robertson hand Lemoine Womack was "six to eight inches long and four to five inches wide in a paper sack."

He further testified that "In a short while Charlie Tatum came out from the dance hall and walked down to the same place and whistled a couple of times and Maurice Robertson came out and they talked a little while and Charles Tatum left and went back into the dance hall and Maurice Robertson went back into the bushes, and at 12:05 another individual came out of the dance hall and Maurice Robertson came across the ditch and started to hand him an object and I placed him under arrest," and found "a pint of J. W. Dant whiskey in his hand."

"Q. Did he do anything unusual? A.Yes, when I walked up he was handing the bottle to an individual * * *. He took the bottle back from the individual when I walked up."

He further testified that he found another pint of J. W. Dant whiskey about fifteen or twenty feet "across the ditch immediately west from where defendant came from" on this and the other occasions; that appellant was the only person he saw in the bushes; that there were about one hundred or one hundred and fifty persons in and around the dance hall.

Deputy Sheriff Mathews testified, in substance, as did Deputy Sheriff Fuller.

It will be noted that the state does not contend that appellant possessed more than one quart of whiskey. Therefore, the prima facie statutory rule of evidence does not here apply, and the state had the burden of proving its case without the benefit of such presumption. Art. 666-23a(2), Vernon's Ann. P.C.

The court charged the jury upon the law of circumstantial evidence.

This conviction is also challenged on the ground that the falsity of the statement made by appellant to the arresting officer that "he was going to take a drink and was trying to break

the seal" introduced by the state was not shown. This statement was not sufficient to exculpate his possession of the whiskey for the purpose of sale. McGowan v. State, (page 10, this volume), 259 S.W. 2d 218.

The acts and conduct of the appellant and those contacting him who came from the dance hall; the passing by appellant of a package to them, who "gave some object" to appellant which he placed in his pocket; the handing of a bottle by appellant to a person who came from the dance hall and the taking back of the bottle from that person by appellant when the officer walked up, followed by appellant's arrest, seizure of the bottle, and the testimony that this bottle contained whiskey are circumstances showing appellant's intent and his guilt of the charge in this case.

We conclude that this testimony was sufficient to warrant the finding by the jury that appellant possessed the pint bottle of whiskey for the purpose of sale. Lindsey v. State, 154 Tex. Cr. R. 414, 227 S.W. 2d 550.

The judgment of the trial court is affirmed.

Opinion approved by the Court.