## SAM COLE, JR. V. STATE

No. 32,200.  Novmber 16, 1960

*Frank D. West,* Paris, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $450.00.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary other than to observe that appellant was apprehended on a vacant lot with one pint of whisky in his hand and several other bottles of whisky on the ground nearby. Appellant did not testify but, in making out its case in chief, the state proved that appellant, upon being accosted, said, "Well, I just found it; it ain't mine."

Walker v. State, 138 Tex. Cr. Rep. 168, 134 S.W. 2d 280, seems to be here controlling. In that case, when first questioned, the accused said, according to the state's witnesses, that he had gotten the turkeys from his mother in Lavaca County. Judge Christian, in a well-considered opinion on rehearing, announced the rule as follows:

"Where the defendant does not testify in the case and where the State in developing its case in chief introduces in connection

with a confession or admission of the defendant an exculpatory statement which if true would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case."

See also Erisman, Reversible Errors in Texas Criminal Cases, Sec. 432 p. 417.

By proper objection to the charge in the case at bar, appellant excepted to the failure of the court to so charge the jury.

Walker is here controlling and calls for a reversal of this conviction.

It is so ordered.