SAM PEAVY AND FAYE JOYCE PEAVY V. STATE

No. 34,550.   April 25, 1962
Motion for Rehearing Overruled May 30, 1962

*Weldon H. Berry,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Daniel P. Ryan, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellants, Sam Peavy and Faye Joyce Peavy, were jointly charged, tried and convicted for the offense of aggravated assault upon a police officer and their punishment was assessed at fines of $250 and $100, respectively.

The facts, as reflected by the State's testimony, show that on the night in question, the appellant, Sam Peavy, while driving his automobile in the City of Houston was stopped by City Officer D. R. Perry and given a traffic ticket for operating the vehicle with a defective muffler. At such time appellant was very belligerent with the officer and after receiving the ticket, he got back in his automobile and started off at a high rate of speed, spinning the wheels. Officer Perry proceeded to follow the appellant as he drove down the street and to where he turned into the driveway at his home. The officer then got out of the police car to give appellant some additional traffic tickets, including one for speeding. Appellant ordered him off his property and after the officer informed appellant he was under arrest a struggle ensued between them. During the encounter Officer Perry went to the patrol car and radioed for help. In response to the call, Officers W. J. Wehr and H. C. Seibert, Jr., went to the scene. Both officers were in uniform and were wearing a badge. When they arrived, appellant and the officer were still engaged in the struggle and they proceeded to assist Officer Perry wrestle appellant to the ground and place hand cuffs on him. During the struggle, appellant struck Officer Wehr, the prosecuting witness, several times and his wife, the appellant Faye Joyce Peavy, came out of the house, jumped on Officer Wehr's back and began hitting him with her fists.

Appellants, testifying as witnesses in their own behalf, denied that either hit the officers on the night in question and testified that it was the officers who had administered a brutal beating to appellant, Sam Peavy. Several of appellants' neighbors were called as witnesses who corroborated their denial that they hit or struck the officers on the occasion in question.

The jury resolved the conflict in the testimony against appellants and we find the evidence sufficient to sustain their verdict.

Appellants' sole claim of error on appeal is that the court erred in refusing to give their requested charge on self defense and defense of another.

Such complaint is not properly before us for review because no exception to the court's action in refusing the requested charge is verified by the trial judge. Eldredge v. State, 162 Texas Cr. Rep. 282, 284 S.W. 2d 734; Carpenter v. State, 345 S.W. 2d 412 and Leonard v. State, No. 34,502, opinion delivered April 11, 1962, Vol. 172, T.C.R.

The judgment is affirmed.

Opinion approved by the Court.