John Stokes GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 34989.

Court of Criminal Appeals of Texas.

Nov. 14, 1962.

Rehearing Denied Jan. 9, 1963.

W. S. Carpenter, Dallas, for appellant.

Henry Wade, Dist. Atty., and Emmett Colvin, Jr., Asst. Dist. Atty., Dallas, and

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for unlawfully carrying a pistol; the punishment, six months in jail.

The evidence adduced by the state reveals that the appellant, while driving on a public street in Dallas County, was carrying a pistol in the glove compartment of his motor vehicle.

The appellant did not testify, but testimony was offered that appellant was to loan the gun to William Garvin and he was en route at night to Garvin's residence when he was stopped by the police because the vehicle he was driving had no tail light.

Appellant contends that the trial court erred in refusing his requested charge that if the jury found "the defendant was taking the pistol to the residence of William Garvin and that he did not make an unreasonable deviation from his residence," then to find him not guilty.

There is no showing that the requested charge was presented to or acted upon by the trial court before the main charge was read to the jury, therefore the claimed error cannot be considered. Art. 659, Vernon's Ann.C.C.P., and cases cited in note 10.

The evidence being sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Judge.

In addition to what we said in our original opinion, and after an examination of the supplemental transcript which has been furnished this Court, we call attention to the fact that the record fails to reveal that appellant excepted to the action of the

court in refusing the requested charge which appears in the transcript. This is requisite to preserve an alleged error in the charge. Medlock v. State, Tex.Cr.App., 356 S.W.2d 312, and cases there cited.

Appellant's motion for rehearing is overruled.