**Ira LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35782.

Court of Criminal Appeals of Texas.

May 15, 1963.

Plummer & Wade, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Daniel P. Ryan, Jr., and Gene D. Miles, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for aggravated assault; the punishment, one month in jail.

B. W. Zane, the injured party, testified that he was the operator of a gasoline service station in the city of Houston; that on the day in question the appellant and a companion drove into the station in an Oldsmobile automobile and asked an attendant to put water in the radiator; after the attendant filled the radiator with water the motor went dead and at appellant's request the attendant started the motor with a battery charger; appellant then asked the

injured party what the charges were for such service and when he replied "A dollar" appellant grumbled about it, grabbed the injured party, jerked him down, reached in his pocket, produced a knife and started slashing him with it, cutting him once in the side of the neck and once on the shoulder. The injured party described the knife as a "hooked blade carpet knife," eight inches in length, and stated that the cut on his neck was three-fourths inches long and the one on the shoulder was six and a half inches in length.

Appellant, testifying in his own behalf, gave his version of the difficulty and stated that when he asked the injured party if there would be any charges for starting the car he said: "You damn right. What do you think this is, a charity organization?," and then called appellant some names and hit him with a clipboard. Appellant testified that when the injured party struck him, he reached in his pocket, got his knife and struck at him, but did not think he cut him; that the reason he started cutting at the injured party was because he did not know what he was going to do.

Appellant's version of the difficulty was corroborated by the testimony of his companion, John Hunter, Jr., upon being called as a witness in his behalf.

The evidence is sufficient to sustain the conviction for aggravated assault with a knife, as defined in Sec. (10) of Art. 1147, V.A.P.C.

 Appellant's sole contention on appeal is that the court erred in refusing to give his requested charge on self-defense.

The requested charge shown in the transcript appears to have been refused by the court, but no exception was reserved by appellant to the court's action.

In the absence of an exception to the court's action, duly verified by the trial judge, appellant's complaint is not properly before us for review. See: Peavy v. State,

Tex.Cr.App., 356 S.W.2d 942, and cases there cited.

A purported exception to the court's ruling, filed in the record but not verified by the trial judge, is insufficient.

The judgment is affirmed.

Opinion approved by the court.