**A. C. THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37605.

Court of Criminal Appeals of Texas.

Feb. 10, 1965.

Rehearing Denied March 24, 1965.

Murray J. Howze, Monahans, for appellant.

Jack Tidwell, Dist. Atty., Mike Berry, Asst. Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment—enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital—life imprisonment.

The prosecuting witness, Earnest Freeman, testified that he was the owner and operator of the Wigwam Bar in the city of Odessa and that on the night in question he closed the place of business at midnight; that the back door of the building was locked from the inside, the front door was padlocked, and all of the windows were locked. He further testified that after he closed the place someone broke into and entered the building, without his permission or consent, by knocking a lock off the door.

The witness Fred E. Johnson testified that on the night in question while working as a police officer for the city, he went to the Wigwam Bar in response to a call received at 12:25 a. m. When he arrived, Officer Fleming had two suspects, Clarence Thomas and Peter Blais, in custody in front of the bar. Johnson then checked the building and found that the place had been broken into. At the front door a padlock was on the ground and the hasp had been torn off. Upon entering the building it was discovered that the jukebox had been pried open and the money receptacle, which was a cloth bag, was missing from inside the box. Johnson testified that he then went outside and, while checking a 1959 Ford automobile parked some seventy-five feet from the building, a man whom he identified as the appellant came from around a corner and started walking toward the car. Officer Johnson observed that when appellant saw him, he (appellant) hesitated at a 55-gallon oil drum near a service station building and then proceeded to walk to the driver's side of the car. Johnson then had appellant get in the back seat of the police car and while appellant was seated in the car the state's witness Mrs. Mozell Long came up to the car, point-

ed to the appellant, and said: " 'I just saw that man come out of the Wigwam.' " Thereupon, certain detectives arrived upon the scene and, in checking the oil drums near where appellant hesitated, found in one of the drums a money sack of the type used in jukeboxes, and under the sack a screwdriver and a pinch bar.

The witness Mozell Long testified that she operated a bar next door to the Wigwam Bar and that on the night in question she observed the appellant and two other men in her place who caused her to be suspicious; that later she called the police and after closing her place at midnight she got in her car and parked in front of a drive-in nearby. Mrs. Long stated that while in her car watching, she saw appellant come out of the front door of the Wigwam, which was closed, and that she then proceeded to follow him until he was taken into custody by the officer.

Peter Blais, one of the suspects taken into custody in front of the bar on the night in question and who had entered a plea of guilty and been convicted of the burglary and received a probated sentence, testified that he, in company with the appellant and appellant's brother, had gone to the Wigwam Bar after closing hours, where appellant was to break in the building and the witness and appellant's brother were "supposed to be lookouts." The witness also identified the tools found by the officers in the oil drum as tools which had been in the appellant's 1959 Ford automobile.

Proof was made by the state of the two prior alleged convictions in the manner which has been approved by this court.

Appellant did not testify or offer any evidence other than a stipulation that he was arrested at 12:45 a. m. on the night in question and that Mrs. Long's call was received by the police at 12:25 a. m.

■ We find the evidence sufficient to support the conviction, and overrule the contention that the state's proof fails to

show the breaking and entry into a building which was closed.

Error is urged to the court's failure to charge the jury on the law of circumstantial evidence and in refusing appellant's requested charge thereon.

■ The record contains no objection to the court's charge. A requested charge shown in the transcript appears to have been refused by the court but no exception was reserved by appellant to the court's action. In the absence of an exception to the court's action appellant's complaint to the charge is not properly before us for review. Green v. State, Tex.Cr.App., 363 S.W.2d 461; Massiate v. State, Tex.Cr. App., 365 S.W.2d 802; Lewis v. State, Tex.Cr.App., 367 S.W.2d 692.

■ We observe, however, that, under the evidence showing appellant's exit from the building after the place had been closed, a charge on circumstantial evidence was not required. Hall v. State, 161 Tex.Cr.R. 460, 278 S.W.2d 297.

The judgment is affirmed.

Opinion approved by the Court.