**Wayne STEVENSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39350.**

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied May 4, 1966.

Percy Foreman, Houston, Luther E. Jones, Jr., Corpus Christi, for appellant.

Carol S. Vance, Dist. Atty., Ted Hirtz and Joe C. Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is negligent homicide in the second degree; the punishment, two years in jail.

The State's evidence reflects that on the night of September 8, 1964, a 1958 Chevrolet, driven by Howard Glover and containing three other passengers, was proceeding in a westerly direction along Tidwell Road in Houston. A 1963 Chevrolet driven by the appellant was proceeding east on Tidwell in a 35 mile per hour zone at a speed estimated by an eyewitness as between 50 and 60 miles per hour. The appellant's car began to weave across the highway into the westbound lane where it struck the Glover automobile. Barbara Manning, a passenger in the Glover automobile was killed as a result of the collision, as was another passenger therein; it was for her death that appellant was charged. Appellant was found on the floorboard of his vehicle, his breath smelling strongly of alcohol. Two broken bottles of beer were also found in his automobile.

The appellant, testifying in his own behalf, stated that he had taken six plasadil tablets on the afternoon of the day in question and remembered nothing of the collision. When asked if he could have consumed any beer, he stated, "I might have drank a gallon of it," and later stated "I might have drank two gallons."

Dr. Barnhart, who had treated the appellant for a prior back injury, testified that on the afternoon of September 8, 1964, he had given the appellant a prescription for equanil and plasadil tablets, both of which are tranquilizer drugs. In addition, he stated that he had on that occasion given the appellant three sample capsules of plasadil.

Pharmacist Jeu testified that she filled the prescription on September 8, 1964.

The appellant's aunt, with whom he lived, testified that late in the afternoon of the day in question he had a glassy look in his eye and was nervous, but otherwise appeared normal.

The sole contention of the appellant relates to the failure of the trial court to give his requested charge relating to his culpability if the jury found that he was under the influence of medication and drugs voluntarily taken.

The date of the judgment in this cause was August 19, 1965. The law in force at the time of the rendition of the judgment and entry of notice of appeal furnishes the rule by which an appeal in a criminal case is governed. Neal v. State (Moore v. State), Tex.Cr.App., 400 S.W.2d 550.

We find no exception taken to the trial court's refusal to give the requested charge, hence it is not before this Court for review. Lewis v. State, Tex.Cr.App., 367 S.W.2d 692, and Green v. State, Tex. Cr.App., 363 S.W.2d 461.

**177**

■ Finding the evidence sufficient to support the conviction under an information charging that appellant drove his motor vehicle at a speed that was not reasonable and prudent and failed to guide his motor vehicle away from and failed to keep a proper lookout for a motor vehicle occupied by deceased while unlawfully driving on the left hand side of the highway, and no reversible error appearing, the judgment is affirmed.