John Wayne DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44088.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 18, 1972.

Melvyn Carson Bruder, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. The punishment was assessed by the court at five years.

The sufficiency of the evidence is challenged.

The record reflects that the service station was locked up at 10:00 o'clock at night and it had been entered without the consent of the manager. Officer Gowin of the Dallas Police Department testified that he was working in the Oak Cliff area between 11:30 p. m. and 7:30 a. m. on the night in question and that he passed the service station every one and a half to two and a half hours while on duty. When he drove by at about 3:40 a. m., he saw an automobile with its headlights on in front of the office of the service station. He then saw a man walking bent over from inside the service station to the car with something in his hand which he put in the car. Officer Gowin approached the station and the man looked up, turned around and walked back into the station closing the door behind him. He then looked through the door at the officer, took a sock off his right hand and let it drop to the floor. He testified that this man was the appellant. The officer recovered the sock which was introduced into evidence. Officer Gowin asked the appellant what he was doing, and "[H]e said he came in to get some gas and that it looked like somebody had broken into the office." The officer then placed the appellant under arrest and found a padlock in his right front pocket. He noticed that the hasp on the lock had been pried off the door and the cigarette cabinet inside the station had been pried open and

the handle was torn off. Two cartons of cigarettes were found in the automobile that was parked at the station. A pry-bar with some white paint on it was found under the cigarette machine and there was white paint on the front door of the service station.

On cross-examination, the officer testified that he had checked the station an hour and a half to two hours prior to the time he saw the appellant at the station and that the padlock was on the door.

The jury had sufficient evidence to conclude that appellant was guilty.

The appellant's main contention is that the court refused to charge on an exculpatory statement. He contends that the officer's testimony stating: "He (appellant) said he came in to get some gas and that it looked like somebody had broken into the office" was the exculpatory statement. If the statement that appellant drove in to get some gas and it looked like somebody had broken into the office is an admission, then it does not follow that the appellant did not enter the building with intent to commit theft. He could have formed the intent after he got there.

In McIntire v. State, Tex.Cr.App., 431 S.W.2d 5, it is written that where the State "[p]ut before the jury statements of the accused which, if true, would entitle him to an acquittal, there should be some direct and positive instruction given * * *." See Robidoux v. State, 116 Tex.Cr.R. 432, 34 S.W.2d 863. Does this statement of the appellant, if true, entitle him to an acquittal?

Exculpatory is defined as clearing or tending to clear from alleged fault or guilt. Moore v. State, 124 Tex.Cr.R. 97, 60 S.W.2d 453. The statement in the present case does not show that the door was open and does not deny that appellant committed the crime of burglary.

If someone else had broken into the office of the service station, this did not

preclude appellant's guilt. The opening of a door through which entry is made into a building which is not completely closed constitutes a breaking under Article 1394, Vernon's Ann.P.C. Woody v. State, Tex. Cr.App., 461 S.W.2d 411. The appellant did not say that the door was open. In Martin v. State, 1 Tex.App. 525 (1877), the Texas Court of Appeals wrote: "In this State, when any force is applied, even if it be the pushing wider of a partly-open door * * * the party so entering said house is guilty of burglary."

The fact that appellant drove in a driveway of a closed service station at 3:40 a. m. to get gas (if he did so) does not show that he did not later break and enter the building with the intent to commit theft.

In Robertson v. State, 159 Tex.Cr.R. 552, 265 S.W.2d 591, the conviction was for possession of whiskey in a dry area for the purpose of sale. Robertson told the officer as he was arrested that "he was going to take a drink and was trying to break the seal." This was introduced by the State. Even though this would probably have tended to indicate (if true) that Robertson had no intent to sell the whiskey but to take a drink, this Court held this statement was not sufficient to exculpate his possession for the purpose of sale.

Wormley v. State, Tex.Cr.App., 366 S. W.2d 565, is relied upon by the appellant. That case was reversed not on the court's charge, but for the insufficiency of the evidence to disprove an exculpatory statement. There, a written statement was introduced as a confession. In this statement Wormley told the officers that James Hughes had told him that he (Hughes) had just burglarized a Welch furniture warehouse and had two television sets stashed under some bushes; that Welch and "Tiny" and Wormley went to the warehouse and Wormley picked up the two television sets and placed them in the back seat of the car and saw James Hughes coming back from the warehouse with another television set. Also contained in that statement was the following: "I want to state that I never went inside the building. James Hughes was the only one that went inside the building."

The Court held the evidence insufficient to show burglary upon the theory of a second entry into the warehouse by Hughes while Wormley was loading the car from the first entry for there was no evidence that the second entry was made by force rather than through a door that had been left open by Hughes and there was no evidence to corroborate the appellant's statement that there was a second entry.

That case was not reversed upon a failure to charge upon an exculpatory statement but on the insufficiency of the evidence to disprove that statement.

In the present case, if it could be said that the statement were exculpatory, there was sufficient evidence to disprove it. Officer Gowin testified that he saw the appellant leaving the building with a small package and place it in the car; that the appellant then returned to the building, closed the door and pulled the sock from his right arm letting it fall to the floor. The evidence also shows that the appellant had the padlock in his pocket.

In Brown v. State, 475 S.W.2d 938, 1971, the conviction was for the murder of his parents. This Court held that a statement of Brown in an interview with the district attorney that he came home shortly after 5 p. m. on the date in question and changed clothes and when he left his father was "still in the fields" wearing coveralls and that he (Brown) did not know how blood had gotten on his shirt when it was shown to him was not exculpatory. The Court stated:

"We do not view either of these statements, introduced by the State, as being exculpatory so as to require the charge requested. See McClelland v. State, Tex.Cr.App., 389 S.W.2d 678. As in Gibson v. State, 53 Tex.Cr.R. 349, 110 S.W. 41, 48, there is no admission or statement admitting the killings but seeking to justify and excuse the same. The

statements were offered by the State 'as tending to show the account given by appellant was untrue, known by him to be untrue, and therefore incriminating evidence against him, in that they show an effort and scheme to shield himself from the force and effect of his presence at the scene of the homicide and other facts tending to connect him with the murder.' See also Asner v. State, 138 Tex.Cr.R. 420, 136 S.W.2d 822, 826; Grady v. State, Tex.Cr.App., 466 S.W.2d 770."

In the present case the statement did not amount to an admission and therefore there was nothing that required a clearing, or exculpating from fault or guilt.

The statement made by the appellant was not exculpatory. Even if it could be assumed that it was exculpatory, the question arises whether reversible error exists for failing to submit the charge that the State was bound to disprove the statement.

This Court has held that where an accused is seen inside a burglarized building he is not entitled to a charge on circumstantial evidence. Thomas v. State, Tex. Cr.App., 387 S.W.2d 665. However, in this case the trial court charged the jury, in part, that the circumstances taken together must be of a conclusive nature leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused acting alone or as a principal committed the offense charged. The court also instructed the jury in substance that the circumstances must exclude "to a moral certainty, every other reasonable hypothesis except the defendant's guilt, and unless they do so, beyond a reasonable doubt, you will find the defendant not guilty."

Article 36.19, Vernon's Ann.C.C.P., provides:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17 and 36.18 (which concern and refer to errors in the charge and failing to give requested charges) has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. * * *"

It would be difficult to see how another result would be reached in view of the facts that the appellant had a sock on his arm, the padlock in his pocket, was seen in the building twice, and was seen carrying out a package from the building. A package containing two cartons of cigarettes like those from the broken cigarette machine was found in the car. This must have been the type of case that the Legislature anticipated when it enacted Article 36.19, supra.

The contentions that cigarettes in the car were found as the result of an illegal search and that the court erred in refusing to charge the jury under Article 38.23, V.A.C.C.P., upon the illegality of the search are overruled.

The appellant did not testify concerning the search and the evidence of the officer does not raise such an issue. Corbitt v. State, Tex.Cr.App., 445 S.W.2d 184, held that where the facts and circumstances show clearly that probable cause to search exists as a matter of law a jury charge under Article 38.23, supra, is not required.

Complaint is made to argument of Mr. Eubanks, State's counsel, when the following occurred:

"What he's saying, if I understand his argument, I'm not really quite sure that I do, there are little places in the argument I don't quite follow. He told you at first, if you believe his argument in the way he cross examined the State's witnesses, that those cigarettes weren't taken in the theft. Then, I believe he concluded his argument by admitting that they were. He tells you also that we can go ahead and acquit him. Then, we

can turn around and try him for theft. Well, that's not true, Ladies and Gentlemen. This is it.

"Mr. Bruder: We object, Your Honor. He is testifying, it's a misstatement of the facts and the law.

"The Court: Overrule the objection.

"Mr. Bruder: Exception.

"Mr. Eubanks: It's not a misstatement of the law. This is the—we cannot cover something else—

"Mr. Bruder: I object again, he knows this is not the law. This man can be tried for theft tomorrow morning.

"The Court: I think the State has elected in the case, Counsel, go ahead."

This was probably a misstatement of the law, however, in Ashe v. Swenson, 397 U. S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, the Supreme Court of the United States applied the doctrine of collateral estoppel where there had been an acquittal for one robbery, and the Court held he could not be tried for the other robberies committed during the same transaction. It depends upon what grounds the jury acquitted in determining if collateral estoppel applies.

Assuming that it was a misstatement of the law, we perceive no reversible error. The argument by defense counsel about what the appellant could be tried for later was irrelevant to the issue of the burglary. Likewise the argument of the State was irrelevant. No new harmful fact was injected into the case.

The applicable rule was stated in Hoover v. State, Tex.Cr.App., 449 S.W.2d 60, where it was stated:

"Generally, to constitute reversible error because of argument of the prosecution there must be a violation of some mandatory statute or some new fact has been injected into the case or the argu-

ment must have been manifestly improper and harmful."

No reversible error has been shown.

The other grounds concerning argument and the admissibility of the statement made by the appellant to the officer before or at the arrest was made do not show reversible error.

The record contains no reversible error.

The judgment is affirmed.

ODOM, Judge (dissenting).

This case should be reversed and the cause remanded to the trial court because of the failure to give the requested charge on exculpatory statements.

The record reflects that during the direct examination of Officer Gowin he was asked: "And what did he tell you he was doing in that filling station?" An objection thereto was overruled by the court whereupon the witness replied: "He said he came in to get some gas and that it looked like somebody had broken into the office."[1]

The appellant did not testify or offer any evidence on his behalf at the guilt stage of the trial.

A charge was requested on the issue of exculpatory statements. Such requested charge was presented to and denied by the court prior to the time the court's charge was read to the jury. [See Article 36.14, V.A.C.C.P.]. The statement, in so far as the offense of burglary is concerned, was exculpatory and the requested charge should have been given. If true, the statement showed that "somebody" else had broken into the premises. Wormley v. State, Tex.Cr.App., 366 S.W.2d 565. The state having introduced the exculpatory statement was bound to disprove it.

The rule is: Where a defendant does not testify in a case, and where the state,

---

1. The majority holds that this is not an exculpatory statement and writes at length to explain why. To this, Mark Twain's comment, "The more you explain it, the more I don't understand it," seems applicable.

in developing its case in chief, introduces exculpatory statements of the defendant which if true would entitle him to an acquittal, the jury should be told that he is entitled to a verdict of not guilty unless such exculpatory statement has been disproved or shown to be false by other evidence in the case.

Why do we have the rule? The state has the burden to prove a defendant guilty by legal and competent evidence beyond a reasonable doubt. In meeting this burden, if the state introduces evidence that creates a reasonable doubt, then such doubt should be removed by the state.

In applying this rule, this court reversed the conviction in McIntire v. State, Tex.Cr.App., 431 S.W.2d 5, where the state introduced the defendant's testimony given at a prior trial of his co-defendant to corroborate the testimony of an accomplice. The defendant did not testify and the case was reversed because the trial court failed to give the requested charge on exculpatory statements made at the prior trial.

In Cavazos v. State, Tex.Cr.App., 365 S.W.2d 178, the state introduced evidence that upon the officer's arrival at the defendant's house, the defendant told witnesses that he and the deceased had been robbed and that evidently the deceased had been killed by the thief. This court reversed the conviction because of the failure of the court to charge on exculpatory statements as set forth. Cavazos did not testify.

In Cole v. State, 170 Tex.Cr.R. 264, 340 S.W.2d 45, the defendant did not testify. In making out its case in chief, the state proved that the defendant, upon being accosted, said: " 'Well, I just found it; it ain't mine.' " He was convicted of the offense of possession of whiskey in a dry area for the purpose of sale and this court reversed the conviction because of the failure to charge on exculpatory statements.

In Walker v. State, 138 Tex.Cr.R. 168, 134 S.W.2d 280, the defendant was convicted of the offense of turkey theft. The evidence, adduced by the state, showed that when the defendant was arrested " * * * he immediately told the officers that he had gotten them from his mother in Lavaca County." This court reversed because "the court should have instructed the jury correctly and distinctly as to the effect of such exculpatory statements." See also Medina v. State, 164 Tex.Cr.R. 16, 296 S. W.2d 273; Wooley v. State, 162 Tex.Cr.R. 378, 285 S.W.2d 218; Otts v. State, 135 Tex.Cr.R. 28, 116 S.W.2d 1084; Yarbrough v. State, 125 Tex.Cr.R. 304, 67 S. W.2d 612; Stelman v. State, 123 Tex.Cr.R. 330, 58 S.W.2d 831; Robidoux v. State, 116 Tex.Cr.R. 432, 34 S.W.2d 863.

The majority has sub silento overruled a long line of cases that expressed a sound principle of law.

I dissent.

MORRISON, J., joins in this dissent.