Antonio Trevenio v. The State.

No. 2875.  Decided May 3, 1905.

**1.—Theft of Horse—Evidence—Identification.**

Testimony, in a prosecution for the theft of a horse, that the alleged owner saw three Mexicans passing through his lot on Sunday evening prior to the theft of his horse on the following Tuesday night; that one of these looked like defendant, but he would not swear it was defendant; that all Mexicanas looked very much alike to him, and that appellant was a Mexican, was admissible; although it failed to fully identify him.

**2.—Same—Charge of Court—Inculpatory and Exculpatory Statements.**

Where the State introduced in evidence, defendant's statement before the grand jury, in which he denied any connection with the alleged theft, and that he was not in the State at the time of the alleged offense, the State's purpose being to show that defendant was beyond the limits of the State part of the time since the commission of the offense and that there was no limitation, there being no admissions of guilt in said statement, which was entirely exculpatory; there was no error in not instructing the jury that the whole of the confessions must be taken together and that the State is bound by them unless they are shown to be untrue by the evidence.  Distinguishing Jones v. State, 29 Texas Crim. App., 20; Slade v. State, id., 381.

**3.—Same—Charge of Court—Presence of Defendant—Alibi.**

Where the evidence, in a prosecution for theft of a horse, was circumstantial, and the court instructed the jury upon that character of evidence and also that of alibi, and that if they found defendant fraudulently took the horse from the possession of the alleged owner in G. County, etc., to convict, there was no error in not charging specifically that before they would convict, the evidence must show that defendant was a party to the original taking in G. County, etc.

Appeal from the District Court of Guadalupe.  Tried below before Hon. M. Kennon.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*P. E. Campbell,* for appellant.—On question of not submitting charge on defendant's statement before the grand jury: Jones v. State, 29 Texas Crim. App., 20.  On question of presence of defendant at time of taking alleged stolen property: Guinn v. State, 39 Texas Crim. Rep., 257; Pharr v. State, 7 Texas Crim. App., 472; Knowles v. State, 11 S. W. Rep., 522; 27 Texas Crim. App., 503.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of horse theft.  The alleged owner, Bump, testified, he saw three Mexicans passing through his lot on Sunday evening prior to the theft of his horse on the following Tuesday night; that one of these looked like defendant, but he would not swear it was defendant.  The objections urged to this testimony were, its immateriality, irrelevancy, the opinion

of witness, no part of the res gestæ, failed to connect defendant with the theft, and was calculated to prejudice appellant's case and further that it failed to identify appellant. We believe the testimony was admissible. In this connection witness further stated that all Mexicans looked very much alike to him. Appellant was a Mexican. While it fails to fully identify him, yet such testimony is permissible to go to the jury for what it is worth, and to be used by them in making up their verdict as to whether the person on trial is the one sought to be connected with the transaction under investigation. Its force and cogency is to be determined by the jury. Because it may lack absolute certainty would not render it inadmissible. That would go more to its weight.

The charge is criticised, because it omitted to instruct the jury: "When the admissions or confessions of a party are introduced in evidence by the State, then the whole of the admission or confessions are to be taken together, and the State is bound by them, unless they are shown to be untrue by the evidence. Said admissions or confessions are to be taken into consideration by the jury as evidence in connection with all the other facts and circumstances of the case." We do not believe this charge was called for. There were no admissions of guilt or confessions introduced. This criticism is based upon the statement of defendant made before the grand jury, in substance, as follows: "That he was born and partly reared at Fort Davis; thence he moved to Mexico, when a boy, and lived there until 1901; then he came to Laredo, Texas; lived there a year, and then moved to Cotulla, where he had lived, except when he lived at Lytle; that he was never in Guadalupe County prior to his arrest; that he had never seen witness, Mike Hannon, and never sold him any horse." It was sought to bring this case within the rule laid down in Jones v. State, 29 Texas Crim. App., 20. That seems to be authority for holding that where confessions or admissions of guilt are introduced, and the accused makes statements which are exculpatory the court should instruct the jury that the whole of the admissions or confessions are to be taken together, and the State would be bound by them unless shown by the evidence to be untrue, and are to be considered by the jury in connection with all the other facts and circumstances of the case. It was held in the Jones case, that such charge should have been given. But the court went on to say: "We do not wish to be understood as holding that in all cases where the admissions or confessions of a defendant are admitted in evidence against him, it is necessary to give such or a similar instruction to the jury. What we decide is that in this case, in which the incriminating evidence consists almost entirely of the defendant's admission, that he killed the deceased, the instruction should have been given, in view of the fact that the exculpatory portions of the defendant's statement about the homicide were not shown by the State's evidence to be untrue. We are of opinion, however, that in all cases where admissions and confessions of a defendant are admitted in evidence against

him, and such admissions or confessions contain exculpatory or mitigating statements, it will be proper and just to the defendant to instruct the jury as was requested in this case." It will be noted as stated, in the case cited, the State relied almost solely on the confessions of accused, which were introduced to the effect that he committed the homicide, but claimed he did so in self-defense. In the case in hand there were no admissions of guilt or confessions. The statements were in the nature of an alibi, and exculpatory entirely, showing that he had not been in Texas, which was evidently made for the purpose of defeating the case on the question of limitation, or rather to induce the grand jury not to return the bill, on the theory that he had never been in Texas, for the indictment was not presented until more than five years after the alleged theft. In Slade v. State, 29 Texas Crim. App., 381, the same rule is endorsed, as announced in Jones' case, supra: but the court went farther, after stating the rule, and said: "In this case the State did not rely upon confessions or admissions alone for conviction. They were introduced mainly for the purpose of impeaching the accused, who testified in the case. There was a large mass of evidence adduced by the State in rebuttal of these confessions and admissions." In such state of case, the charge is not required. The Slade case is more in consonance with this case. There is not a criminative fact stated by appellant in his testimony before the grand jury. On the contrary every word is entirely exculpatory and a complete denial of his connection with the transaction in any manner whatever; and that he was neither in Texas nor Guadalupe County in 1898, at the time of the theft, and had never been in Texas after he was a boy, until 1901. The court charged very fully in regard to the question of alibi.

It is contended that the court should have charged the jury specifically and especially that before they could convict, the evidence must show that defendant was a party to the original taking in Guadalupe County; and that the fact that he may have been an accomplice, accessory or receiver of the stolen property, would not justify his conviction for the theft. The State relied upon circumstantial evidence; first, that the alleged owner in his opinion, rather indefinitely, identified appellant as being one of the three Mexicans passing through his lot on the Sunday evening prior to the theft of his horse on Tuesday; second, that shortly after the theft appellant traded the horse to Mike Hannon, in San Antonio; and third, that shortly after the trade the sheriff of Bexar County learned that the horse was in San Antonio, and that it had been stolen, and informed Hannon. Hannon immediately went in pursuit of appellant, found him some miles from the city of San Antonio, and informed him that he wanted his property back, that appellant had traded him a stolen horse. Appellant immediately ran off into the bottom, and disappeared. Hannon identifies appellant as the man who traded him the horse, and who escaped from him when he followed to arrest him and recover his property. The court instructed

the jury if they found appellant fraudulently took the horse from the possession of the alleged owner, in Guadalupe County, etc., they were authorized to convict. He then charged fully upon circumstantial evidence as well as upon alibi. The charge on alibi is, as follows: "Now if you have a reasonable doubt as to the presence of the defendant at the place where the horse was stolen, if stolen, at the time of the theft thereof, you will acquit him." We believe the question of the presence of the defendant at the place of the theft and his participancy in the original taking was sufficiently presented by these charges. While this was a case of circumstantial evidence, and it was some years after the theft before appellant was arrested, yet it occurs to us that the facts and circumstances are sufficiently cogent under the law of circumstantial evidence to sustain the conviction. The judgment is therefore affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]