## HOMER ANDERSON v. THE STATE.

### No. 2532. Decided June 18, 1913.

### Rehearing denied October 15, 1913.

**1.—Arson—Evidence—Contents of Barn.**

Where, upon trial of arson, the defendant received the minimum punish-ment, and it was apparent that the jury acted without passion or prejudice in finding their verdict, there was no error in permitting the State's witness to testify as to the contents of the barn burned; besides, such testimony was admissible anyway.

**2.—Same—Evidence—Deed—Oral Testimony.**

Where defendant was charged with arson of a barn belonging to the State, there was no error in admitting oral testimony that said barn was the property of the State without producing the deed thereto. Following Wilson v. State, 24 S. W. Rep., 649, and other cases.

**3.—Same—Evidence—Expert Testimony.**

Upon trial of arson, there was no error in admitting testimony that the persons charged with burning the alleged building would know the effect of cutting the electric wires, it having been shown that the witness was an electrical engineer and possessed the necessary information to give an opinion, and that he had taught the persons charged with burning the building, the effects of cutting the wires, and that the offense was deliberately planned.

**4.—Same—Principals.**

Where, upon trial of arson, the facts showed and authorized the jury to find that the defendant was a principal in the commission of the offense, there was no error.

**5.—Same—Evidence—Confessions.**

Where, upon trial of arson, the voluntary confessions of defendant were reduced to writing according to statutory requirements, they were admissible as evidence.

**6.—Same—Evidence—Rebuttal.**

Where the defendant had testified in his own behalf, there was no error in introducing in rebuttal the conversation between him and the State's wit-nesses while not under arrest, as it affected his credibility.

**7.—Same—Inculpatory Statements—Confessions—Charge of Court.**

Where defendant's confessions were inculpatory and were corroborated by other evidence, it was not necessary for the court to charge that exculpatory confessions must be disproved.

8.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of arson, the written confessions of defendant were admitted in evidence, there was no error in the court's failure to charge on circumstantial evidence. Following Barnes v. State, 53 Texas Crim. Rep., 629, and other cases.

Appeal from the District Court of Coryell. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*T. R. Mears,* for appellant.—On question of failure to prove defendant was a principal: Walker v. State, 16 S. W. Rep., 548; Dawson v. State, 41 S. W. Rep., 599; Tullis v. State, 41 Texas, 598; McDonald v. State, 79 S. W. Rep., 542; Jones v. State, 154 S. W. Rep., 1018.

On question of court's failure to charge on circumstantial evidence: Prejo v. State, 74 S. W. Rep., 546; Early v. State, 50 Texas Crim. Rep., 344, 97 S. W. Rep., 82.

On question of exculpatory statements: Combs v. State, 52 Texas Crim. Rep., 613, 108 S. W. Rep., 649; Pratt v. State, 50 Texas Crim. Rep., 227, 96 S. W. Rep., 8; Pharr v. State, 7 Texas Crim. App., 472.

On question that deed is best evidence of title: Goldsmith v. State, 81 S. W. Rep., 710.

On question of expert testimony: Rogers on Expert Testimony, 2 Ed., secs. 1, 2.

On question of admitting memorandum of conversation between defendant and State's witnesses: Edwards v. State, 16 S. W. Rep., 418; McCullough v. State, 50 Texas Crim. Rep., 132, 94 S. W. Rep., 1056; McConico v. State, 61 Texas Crim. Rep., 68, 133 S. W. Rep., 1047.

*C. E. Lane,* Assistant Attorney-General, and *J. R. McClellan,* District Attorney, for the State.—On question of principals: West v. State, 28 Texas Crim. App., 1.

On question of court's failure to charge on circumstantial evidence: Matthews v. State, 47 S. W. Rep., 647; Landreth v. State, 70 S. W. Rep., 758; Williams v. State, 49 Texas Crim. Rep., 105, 90 S. W. Rep., 876.

On question of exculpatory statements: Gibson v. State, 53 Texas Crim. Rep., 349, 110 S. W. Rep., 41; Casey v. State, 54 Texas Crim. Rep., 584, 113 S. W. Rep., 536.

On question of admission of oral testimony on title: Wilson v. State, 24 S. W. Rep., 649; Hester v. State, 51 S. W. Rep., 932.

HARPER, JUDGE.—Appellant was prosecuted and convicted of arson, and his punishment assessed at five years confinement in the penitentiary.

It appears that on the night of the 11th of last November a barn belonging to the State and used in connection with the State juvenile

school or reformatory at Gatesville, was burned. Tom Sanders, among other things, testified: "The barn that was burned was a barn about one hundred feet long and about fifty or sixty feet wide. It was a frame building and the walls about ten or twelve feet high. It had four walls and the hall went through it and a small hall commenced at the front and ran into the big hall. The barn was covered with shingles. There was about five thousand bushels of oats and about that many bushels of corn, and thirty or forty thousand bundles of oats and some baled hay and millet burned in the barn. I do not know just how many bales of hay and millet did burn. There was also eleven head of horses that burned in the barn."

The defendant objected to the witness being permitted to state the contents of the barn, on the ground that it was irrelevant, immaterial, prejudicial and calculated to arouse the passions of the jury and prejudice them against the defendant. If, as contended by appellant, he did not participate in the burning, it would hardly prejudice the jury against defendant, but as the jury found that appellant was guilty of the offense as charged, we turn to the verdict to see if passion or prejudice was in fact aroused; and when we learn that the jury gave him the minimum punishment, it is apparent no passion or prejudice was aroused. Again, we think when one burns a house, its contents, which would necessarily be also consumed, can be shown, when it is apparent, as in this case, that defendant knew the contents of the building, and must be held to have known that would be the natural result of setting fire to the building, and waiting to give an alarm until all chance of saving the property had passed.

The next objections urged relate to permitting the State to prove by oral testimony that the barn burned was the property of the State, the contention being that oral testimony was not admissible, but the State ought to have been required to produce the deed. This is not the law, and the court did not err in permitting oral testimony to be introduced. Wilson v. State, 24 S. W. Rep., 649; Hester v. State, 51 S. W. Rep., 932.

The witness Bishell was permitted to testify that the persons charged with burning the barn would know the effect of cutting the electric wires would have upon the electric lights. This was objected to on the ground that it would be an opinion and in the nature of expert testimony, and the witness was not qualified as an expert. The court, in approving the bill, states that the witness was an electrical engineer, and the testimony further shows that he possessed the necessary information to give an opinion, and also shows that he had taught the persons charged with burning this building the effects of cutting the wires—it would cause the lights to cease to burn. The testimony shows that one of those charged with the offense asked appellant about his pliers, secured the pliers before setting fire to the building, and the evidence was admissible to show that the offense was deliberately planned, with the knowledge and consent of appellant. And the further fact that the fire was plainly visible from the point he was situated, and he waited until the

flames were burning through the roof before giving any alarm, with the other facts and circumstances in the case, his confession would authorize the jury to find that he was a principal in the commission of the offense. The confession introduced in evidence was shown to have been made under circumstances in full compliance governing the admissibility of voluntary confessions; it was reduced to writing, contained all the statutory requirements, and signed by appellant.

When appellant took the stand and testified in his own behalf, then the testimony of Earl Stone and the other witnesses became admissible in rebuttal. At the time of this conversation between appellant, State Fire Marshal Inglish and Mr. Stone, appellant was not under arrest, it not being shown that he was even under suspicion. The fact that Mr. Inglish made a memorandum of what appellant stated, which was not signed by appellant, would not render the testimony of Mr. Stone, who heard the statements of appellant, inadmissible, and the testimony was admissible as tending to impeach appellant and affect his credibility as a witness. It may be here stated that appellant was not arrested for several days thereafter, and the confession introduced in evidence was not made at that time, and not made until after his arrest.

The confession introduced in evidence contained no exculpatory statements, therefore it was not necessary for the court to charge that the confession must be taken as a whole and the State disprove the exculpatory portion thereof. The confession being inculpatory, the State was introducing evidence corroborative of it and proved its truthfulness, and it appears the State did so to the satisfaction of the jury. Neither was it necessary or proper for the court to charge on circumstantial evidence. The confession of defendant rendered this unnecessary. Mr. Branch, in his work on Criminal Law, states the rule to be: "If defendant admits he did the killing in a murder case, or the taking in theft, or that he did the act which constitutes the factum probandum, whatever be the offense charged, it is not necessary to charge on circumstantial evidence," citing Barnes v. State, 53 Texas Crim. Rep., 628; High v. State, 54 Texas Crim. Rep., 333; Dobbs v. State, 51 Texas Crim. Rep., 629, and a number of other cases. In this case the confession of defendant would render him a principal in the commission of the offense.

Being of the opinion that the grounds in the motion for a new trial present no error, the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 15, 1913.—Reporter.]