## W. R. WOOLEY V. STATE

No. 27,748. November 16, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*Campbell & Foreman,* Livingston, *Dies, Anderson & Dies,* by *Clark Anderson,* Lufkin, for appellant.

*Robert W. Murphey,* District Attorney, *James A. Morris,* County Attorney, and *R. C. Musslewhite,* all of Lufkin, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder without malice; the punishment, five years in the state penitentiary.

The state's testimony shows that the appellant and the deceased, J. C. Duty, "batched" together in an old abandoned house near a sawmill where they worked in the Moffett Community about seven miles east of the town of Lufkin. Between 11:00 and 12:00 o'clock on the morning of July 4, 1954, appellant came to the home of Jake Beard, who lived in the community, bleeding from a cut over his right eye, and when asked by Beard

what was the matter replied, "Mr. Duty beat me over the head with something and I passed out and whenever I woke up Duty had passed out." Deputy Sheriff Pollard, upon proceeding to the scene, picked the appellant up as he was walking in the road and thereafter sent him to a hospital by one, Dan McCoy. On the way to the hospital appellant stated to McCoy, "I had to do it," and that the deceased had hit him with a 2 x 4 and he blacked out.

The evidence further shows that when the officers arrived at the scene they found the deceased dead on the porch in a sitting position with his head slumped over. An examination of the deceased's body disclosed a deep cut in the left groin, a light wound on the chest, and three cut places on the deceased's clothing.

The state offered in evidence the appellant's confession in which he described in detail his cutting of the deceased and certain events leading up to the killing. He stated that on the Saturday afternoon, preceding the killing on Sunday morning, while they were drinking wine and gin, the deceased commenced to curse him and complain about him riding in his car and saying that it was costing him money; that when the deceased threatened to jump on him, he left the house and returned between 11:00 and 12:00 o'clock that night and went to bed; that the next morning after they got up, they took a drink of wine and the deceased again started fussing at him about riding in his car. As to what next transpired, we quote from the confession as follows:

"While we were *setting* on the cot, he said he was going to get a club and beat *your* god damned brains out. I laughed and said now you are not going to do that. I do not know why he was going to try to hurt me. I was *setting* about two steps from him at the time of this conversation, and he got up to get a stick which was under the far end of his cot and then I got up. When I seen him reach *of* the stick, I took my knife out and took about two steps toward him. He came up with a stick and struck me across the nose and right eye, causing my eye to bleed. When he hit me with the stick I struck at him with the knife and hit him on the chest. He dropped the stick and then reached down and got another board and struck at me with it and I threw up my right arm and the board hit my right arm and *should* and the board broke. I had my knife in my right hand and when the board broke I cut at him with the knife and struck him down low in the groin; he caught *his* self with his hand in the groin and said, 'Wert, you have hurt me.' And then he turned around

and stooped over and I cut at him again and struck him in the hip, and I struck again and it hit lower in his pants leg."

Appellant did not testify.

Appellant complains of the court's charge because it failed to instruct the jury on the rule as to exculpatory statements providing that where the state relies upon and introduces in evidence the confession, it is bound by the exculpatory statements therein contained unless they are shown by the evidence to be untrue.

The court instructed the jury on the appellant's right of self-defense against both real and apparent danger, but gave no instruction on the force and effect of the exculpatory statements in his confession which were introduced by the state, though such a charge was requested.

The rule is well settled that where the state relies upon and introduces in evidence the confession of an accused to establish his guilt, it is bound by the exculpatory matters contained therein until they are shown by the evidence to be untrue, and under such circumstances it is the duty of the court to so instruct the jury. Branch's Ann. P.C., p. 44, sec. 73; Jones v. State, 29 Texas Cr. R. 20, 13 S.W. 990; Otts v. State, 135 Texas Cr. R. 28, 116 S.W. 2d 1084.

The appellant's confession, above quoted, clearly contains exculpatory statements, and the record shows that the state was relying upon the confession to establish his guilt. Under the circumstances, the court should have correctly instructed the jury as to the force and effect of the exculpatory statements contained in the confession.

Appellant's requested charge was sufficient to call the court's attention to the error in the main charge, and under the 1953 amendment to Article 659, V.A.C.C.P., no further exception or objection to the charge was necessary to preserve the error.

Upon another trial, under the same or similar evidence, the pictures showing the bloody condition of the body of the deceased should not be admitted in evidence in view of their inflammatory nature.

For the error above mentioned, the judgment is reversed and the cause remanded.

Opinion approved by the court.