**Ulysses WORMLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35616.**

Court of Criminal Appeals of Texas.

April 10, 1963.

Long, Welsch & Koehler, by Lawrence M. Welsch, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Oscar G. Galvan and Mike J. Thompson, Asst. Dist. Attys., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Appellant was jointly indicted with Ernest A. Racsumberger and James A. Hughes for burglary. Severance being granted upon his application, appellant was tried before a jury on his plea of not guilty. He was found guilty and his punishment was assessed at 12 years in the penitentiary.

The evidence shows that the warehouse of the Welch Furniture Company, in El Paso, was burglarized at night and a number of portable television sets and stereo sets, in their original cartons, were stolen.

Racsumberger, a 450 pound white man, was arrested as he was getting out of an automobile which the arresting officers pursued as it sped from the burglarized premises. His two companions, both Negroes, escaped.

Some of the television sets and stereo sets removed from the warehouse were found in the car and others were found near where the officers saw men getting into the car. No witness identified the appellant as one of the Negroes who escaped.

To connect the appellant with the burglary the state relied upon his written statement introduced as a confession. In it he said that James Hughes came into Ciro's bar: " * * * by himself and told me he had a deal, he wanted to talk with me outside the bar. I went outside of the bar and he told me he had just burglarized the Welch Furniture Warehouse and had two T-V sets stached under some bushes. I walked with James Hughes over to a two-tone green Cadillac, and there was a man sitting in the car by the nickname of Tiny. James told me he had met Tiny while he was serving time in a Juarez Jail. Tiny was driving the car and he drove to the Welch Furniture Warehouse, where he parked the car close to the railroad tracks close to the alley. Tiny was behind the wheel, and James told me where he had hidden two T-V sets under some bushes. He told me he was going back inside the building to get some more T-V sets while I was putting the two T-V sets under the bushes into Tiny's car. I picked up the two T-V sets which were in cardboard boxes and placed them in the back seat of the car, when we saw James coming back with another T-V set. On this trip as he was leaving the building through the loading dock door, I met him and took the T-V set out of his arms and placed it inside the car. I believe there were five T-V sets inside

the car. I want to state that I never went inside the building and James Hughes was the only one that went inside the building. Hughes told me that he had hidden inside the building while it was still open, remained inside the building until it closed. Then he had opened the rear loading dock door from the inside. He told me he had taken two T-V sets by himself and stached them in the bushes where I found them. We were getting ready to leave when somebody yelled, 'Here comes a police car'. I jumped behind the wheel and drove the car for about a block. I stopped and James Hughes and myself took off running."

The statement, insofar as the offense of burglary is concerned, was exculpatory. If true, it showed that the Warehouse had been burglarized and some television sets removed therefrom before the appellant had any knowledge that such offense was to be committed, and at a time when he was not present.

■ The state having introduced the exculpatory statement was bound to disprove it. See Medina v. State, 164 Tex.Cr.R. 16, 296 S.W.2d 273, and cases cited.

■ The conviction herein cannot be upheld upon the theory of a second entry into the warehouse by Hughes while the appellant was loading the car, for two reasons. First, there is no evidence that the second entry was made by force rather than through a door that had been left open by Hughes; and second, there is no evidence to corroborate the appellant's statement that there was a second entry.

Because the evidence is not sufficient to sustain his conviction of the offense charged in the indictment, it becomes the duty of this Court to set aside the conviction.

The judgment is reversed and the cause remanded.