**Billy Fred McINTIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41318.**

Court of Criminal Appeals of Texas.

June 26, 1968.

Jack Hazlewood, Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is felony theft with two prior felony convictions alleged for enhancement; the punishment, life.

We find it unnecessary to discuss appellant's first four grounds of error because

we have concluded that his fifth ground calls for a reversal of this conviction.

At the trial appellant did not testify and the State relied upon the testimony of the accomplice, Jerry Keeton, and in order to corroborate such accomplice witness, introduced into evidence appellant's testimony given in a prior trial of his co-defendant Bird. (See Bird v. State, Tex.Cr.App., 423 S.W.2d 919). No charge on alibi was given and over explicit objections, the court failed to include in his charge the suggested instruction set forth in Section 3581, Willson's Criminal Forms Ann., 7th Edition, as follows:

"The State has introduced in evidence a statement made by the defendant, A. B., and you are instructed that the state is bound by the exculpatory statement contained therein, to-wit:—and unless you believe beyond a reasonable doubt that the state has disproved the exculpatory statement contained therein, you will acquit the defendant of—and say so by your verdict 'Not Guilty'."

In order to determine if such charge was required, it is necessary to examine the appellant's testimony which was reproduced in this case by the State. Appellant testified that he was with Bird on the night Bird was charged with having committed the burglary in question; that they sat around drinking until twelve or twelve thirty at which time he (appellant) went to bed; that Bird went to bed shortly before he (appellant) did and that he next saw Bird at seven or seven thirty the following morning; that he did not believe that Bird had burglarized the Lumber Company and had no knowledge that he (Bird) had done so. He admitted that he, Bird and their two co-defendants were charged with burglarizing the same Lumber Company but replied that his defense was that he did not commit the burglary.

While appellant's prior testimony inculpated him in that it placed him near the scene of the burglary on the night it was committed in company with his co-defend-ants who were later arrested in the Mustang, which had apparently carried the safe described in Bird v. State, supra, it was exculpatory in that he said that he had not participated in the taking of the safe.

■ This is exactly the situation where the suggested charge should have been given according to our holding in Wooley v. State, 162 Tex.Cr.R. 378, 285 S.W.2d 218, and the authorities cited therein. In Wooley, supra, we said:

"The rule is well settled that where the State relies upon and introduces in evidence the confession of an accused to establish his guilt, it is bound by the exculpatory matters contained therein until they are shown by the evidence to be untrue, *and under such circumstances it is the duty of the court to so instruct the jury*."

In Cavazos v. State, Tex.Cr.App., 365 S.W.2d 178, the State introduced evidence that upon the officer's arrival at appellant's house, appellant told witnesses that he and deceased had been robbed and that evidently the deceased had been killed by the thief. This Court reversed the conviction because of the failure of the Court to charge on exculpatory statements as set forth above. We relied upon Otts v. State, 135 Tex.Cr.R. 28, 116 S.W.2d 1084, 116 A.L.R. 1454 and the cases collated in 1 Branch's Ann.P.C.2d, Sec. 95, p. 104, as authority.

We quote from Otts v. State, supra:

"But the State comes in and introduces the signed statement of appellant showing that he had in good faith purchased this meat from another, thus exculpating himself."

Otts was reversed for the failure of the Court to give a charge similar to the one set forth above.

Judge Hawkins, in writing on rehearing in Otts, supra quoted Judge Lattimore as follows: " * * * If, in proving its case the state put before the jury statements of the accused which, if true, would entitle

him to an acquittal, there should be some direct and positive instruction given to the jury to that effect. Robidoux v. State, 116 Tex.Cr.R. 432, 34 S.W.2d 863."

 In the case at bar the state in proving its case put before the jury appellant's testimony given at a prior trial to the effect that he was asleep in bed at the time the accomplice witness says the burglary was committed. Then the jury should have been told, as Judge Lattimore said: " * * * in plain and unmistakable language, so that they may know that the defendant is entitled to an acquittal if such exculpatory statements be not disproved or shown to be false by other testimony."

Recently in Wormley v. State, Tex.Cr. App., 366 S.W.2d 565, the State introduced appellant's confession which placed him in possession of recently stolen property but exonerated him of the offense of burglary with which he was charged. The reason it exonerated him of the burglary was that it placed him at another place at the time the offense was committed and showed that he did not participate in the burglary. This is exactly what the State did in the case at bar. Wormley, supra, is authority authorizing the reversal of this conviction.

Because the Court failed to give the requested charge on exculpatory statements, the judgment is reversed and the cause remanded.

WOODLEY, Presiding Judge (dissenting).

The "explicit objections" referred to in the majority opinion are set out in paragraph 6 of the appellant's objections to the court's charge filed November 7, 1967, at 12:33 P.M.

"Defendant objects to the failure of the court's charge to instruct the jury that the State is bound by the exculpatory testimony of the defendant in the Bird trial introduced by the State in evidence in this trial and to instruct the jury that the exculpatory testimony must be beyond a reasonable doubt disproved by the State and that the jury cannot look to the testimony of the accomplice for disproof of the testimony of the Defendant and at the same time corroborate testimony of the accomplice or any portion thereof with the exculpatory testimony of the defendant."

The ground of error sustained by the majority is not before us. If so, it is without merit.

The record does not reflect that the objections in writing were presented to or acted upon by the trial judge unless it be the docket entry: "11-7-67 Objections noted and overruled."

According to the clerk's file marks thereon the charge of the court, the written objections to the charge, the verdict of guilty, the charge on the issue of punishment and the verdict on punishment were all filed with the clerk at the same time.

I do not find in the reproduced testimony of appellant where "he said that he had not participated in the taking of the safe."

Wormley v. State, Tex.Cr.App., 366 S. W.2d 565, cited by appellant, points out that a confession may be completely exculpatory as to the offense of burglary but inculpatory as to theft of property taken from the burglarized premises.

As I read the portion of appellant's prior testimony introduced by the state, it is not exculpatory insofar as the theft of the safe is concerned. If so it was nothing more than a denial of guilt and cast no additional burden on the state.

If, as appellant contends, his testimony at Bird's trial was all exculpatory it was not necessary that the court charge the jury that the state is bound thereby. Trevenio v. State, 48 Tex.Cr.R. 207, 87 S.W. 1162; Anderson v. State, 71 Tex.Cr.R. 27, 159 S.W. 847; Dixon v. State, 128 Tex.Cr.R. 584, 83 S.W.2d 328; 1 Branch's Ann.P.C.2d 104, Sec. 95.

I respectfully dissent.