

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-09-00278-CR

KODY WILLIAM FARMER                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                 STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] ON REMAND

----------

### I. Introduction

This case is on remand from the court of criminal appeals to consider the State's argument, not made in the trial court, that a proposed jury instruction from Appellant Kody Farmer was a comment on the weight of the evidence. *See Farmer v. State* (*Farmer II*), No. PD-1041-11, 2011 WL 4072126, at *1 (Tex.

---

[1]*See* Tex. R. App. P. 47.4.

Crim. App. Sept. 14, 2011) (not designated for publication). We reverse the trial court's judgment and remand the case for a new trial.

## II. Background

The facts of this case are set out in our previous opinion, *Farmer v. State* (*Farmer I*), No. 02-09-00278-CR, 2011 WL 1601311, at *1–3 (Tex. App.—Fort Worth Apr. 28, 2011, pet. granted) (mem. op., not designated for publication)(op. on reh'g), *judgm't vacated*, 2011 WL 4072126, at *1. Suffice it to say that Farmer was convicted for driving while intoxicated after ingesting Ambien and Ultram, and we reversed the trial court's decision to deny Farmer an involuntary conduct instruction. *Id*. The court of criminal appeals granted the State's petition for discretionary review and instructed us to consider whether the requested instruction was a comment on the weight of the evidence. *See Farmer II*, 2011 WL 4072126, at *1.

## III. Requested Instruction

In his appellate brief, Farmer complained that he did not receive the following jury instruction, which was marked as #2 during the charge conference:

> A person commits an offense only if he voluntarily engages in conduct, including an act, or omission. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct. Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Kody William Farmer, on or about the 19th day of April 2008, did not have the normal use of his mental or physical faculties by reason of the introduction of a controlled substance to–wit: zolpidem, tramadol, or a combination of two or more of these substances, but you further believe from the evidence, or have a reasonable doubt thereof, that Kody William Farmer took these drugs by accident, and was not the voluntary act

2

or conduct of the defendant, you will acquit the defendant and say by your verdict "not guilty."[2]

In its response to Farmer's appellate brief, the State argued that the trial court "properly refused [Farmer's] proposed charges as they were blatant comments on the weight of the evidence" and that Farmer was not entitled to an instruction on whether or not he committed a "voluntary act." The State argued that Farmer's requested instruction #2 must be read with another instruction that Farmer also requested, marked as #3 at the charge conference, to understand its comment-on-the-weight-of-the-evidence argument:

> You are instructed that involuntary intoxication by prescription medication, or medications, is a defense to prosecution for an offense when it is shown that the accused has exercised no independent judgment or volition in taking the intoxicant; and as a result of his intoxication he did not know that his conduct was wrong or was incapable of conforming his conduct to the requirement of the law he allegedly violated. Such a condition of the defendant must have existed at the very time of the alleged commission of the offense.[3]

In *Farmer I*, we reviewed Farmer's complaint about the trial court's exclusion of his requested instruction #2, along with his requested instruction #3

---

[2]This portion of the instruction is almost verbatim from the involuntary conduct instruction in *Texas Practice Series: Criminal Forms and Trial Manual*. *See* Michael J. McCormick et al., *Texas Practice Series: Criminal Forms and Trial Manual* § 105.11 (11th ed. 2005).

[3]The State set out what it considered the "pertinent" parts of instructions #2 and #3 in its original brief, its petition for discretionary review, and its brief on remand; it did not set out anything from Farmer's requested instruction marked as #1 during the charge conference. We have set out Farmer's requested instruction #1 below in our discussion of whether Farmer sufficiently brought the voluntary act instruction to the trial court's attention.

as raised by the State. 2011 WL 1601311, at *3–6. We noted that a request for an instruction on accident "is no request at all," and that involuntary intoxication is not a defense to DWI. *Id*. at *5. But we also concluded that Farmer's facts were distinguishable from earlier cases involving prescription drugs and that because there was some evidence to suggest that Farmer involuntarily took Ambien because of his wife's act, the trial court's denial of Farmer's requested instruction #2 constituted some harm under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). *Id*. at *6. Because we did not feel it necessary to address the substance of Farmer's requested instruction #2 in order to resolve the issue before us of whether Farmer was entitled to a voluntariness instruction *at all*, we reversed the trial court's judgment and remanded the case without considering whether Farmer's requested instruction #2, or his requested instruction #3 as raised by the State, constituted an improper comment on the weight of the evidence. *Id*.

In its petition for discretionary review, the State argued (1) that we erred by failing to address its argument that the proposed jury charge was a blatant comment on the weight of the evidence and (2) that we erred by holding that Farmer's action in taking his own prescription medicine was involuntary. In support of its first ground, the State once again set out Farmer's requested instructions #2 and #3 to support its argument that "the instruction to the jury that they MUST believe that [Farmer] 'exercised no independent judgment or volition in taking the intoxicant' is a blatant comment on the weight of the evidence," and

4

that "the requested charges regarding whether or not he committed a voluntary act in taking his prescription medication demanded that the jury believe that he exercised 'no independent judgment' in taking his own medications." The court of criminal appeals granted the State's petition only with regard to ground one. *Farmer II*, 2011 WL 4072126, at *1.

## A. No Objection

The State did not object to Farmer's requested instruction #2, or the other two instructions requested by Farmer, as a comment on the weight of the evidence, and we previously held that it therefore failed to preserve this argument for review. *See Farmer I*, 2011 WL 1601311, at *6. However, the court of criminal appeals has instructed us that

> [w]hen the State is the prevailing party in the trial court, it is not required to present a particular argument in order to raise that argument in a defendant's appeal; rather, the reviewing court is required to view the evidence in a light most favorable to the trial court's ruling and uphold the ruling if correct on any theory of law applicable to the case.

*Farmer II*, 2011 WL 4072126, at *1. Therefore, we will consider the State's previously unarticulated objections set out above, which it also set out in its brief on remand, as well as setting out what it considered the "pertinent" parts of Farmer's requested instructions #2 and #3.

## B. Comment on the Weight of the Evidence

Code of criminal procedure article 36.14 requires that the trial court deliver a written charge "distinctly setting forth the law applicable to the case; not

5

expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). The court of criminal appeals has recently written on the issue of a jury instruction or definition being a comment on the weight of the evidence, stating,

> With only limited exceptions, the trial court may not include an instruction that focuses the jury's attention on a specific type of evidence that may support a finding of an element of an offense. Juries are free to "consider and evaluate the evidence in whatever way they consider it relevant to the statutory offenses," and "special, non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge."
>
> An instruction, albeit facially neutral and legally accurate, may nevertheless constitute an improper comment on the weight of the evidence.

*Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012) (citations and footnotes omitted).

> We have also observed that
>
> [a] charge that assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous. Likewise, a court's jury instruction violates article 36.14 if it "obliquely or indirectly co[n]vey[s] some opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it." Also on the "near end" of the "improper-judicial comment" spectrum is an instruction that is simply unnecessary and fails to clarify the law for the jury.

*Hess v. State*, 224 S.W.3d 511, 514 (Tex. App.—Fort Worth 2007, pet. ref'd) (citations omitted). And we have noted that "[t]he trial court must refrain from

6

making any remark calculated to convey to the jury its opinion of the evidence in a particular case." *Harkins v. State*, 268 S.W.3d 740, 745 (Tex. App.—Fort Worth 2008, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 38.05 (West 1979)). A charge that assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous. *Id.*

## C. The State's Argument and a Fair Reading of the Requested Instruction

The State argues that the instructions—by which we infer, from the way the State has laid them out in its various briefs, that it means Farmer's requested instructions #2 and #3—required the jury to believe Farmer's story and demanded that the jury "MUST" believe his theory of the case, but this argument is without support. As set out above, a fair reading of the only two instructions discussed on appeal simply does not support what the State says.[4] Nonetheless, because the last sentence of Farmer's requested instruction #3—the "must" sentence—may improperly cast at least part of that instruction in the language of command, it may arguably constitute an improper comment.[5] *See Brown v. State*, 122 S.W.3d 794, 799 (Tex. Crim. App. 2003) (stating, in discussion of

---

[4]We expressed no opinion on the substance of Farmer's requested instructions #2 and #3 in *Farmer I* because the issue before us was whether an instruction *was warranted* rather than the language used. *See Farmer I*, 2011 WL 1601311, at *6. We did not address Farmer's requested instruction #1, set out below, because no one raised it in the original appeal, as no one has done in any of the briefs filed with regard to this case.

[5]Again, we pointed out in *Farmer I* that involuntary intoxication is not a defense to DWI and that the defense of accident is no longer available. *See* 2011 WL 1601311, at *5.

presumptions, that an instruction should be permissive rather than mandatory), *cert. denied*, 541 U.S. 938 (2004). But as our discussion below demonstrates, whether it constitutes a comment on the weight of the evidence remains irrelevant to our ultimate disposition of the appeal.

## D. Resolution

The State seeks for us to overrule Farmer's sole point on appeal, which is: "The trial court erred in denying Appellant's request for a jury instruction on whether or not he committed a 'voluntary act.'" And as noted above, the court of criminal appeals refused the State's second ground: "Did the Court of Appeals err in holding that Appellant's action in taking his own prescription medicine was 'involuntary?'" *See Farmer II*, 2011 WL 4072126, at *1. Therefore, the real issue before us remains whether requested instruction #2, if flawed, was still sufficient to bring the issue of voluntary conduct to the trial court's attention and thereby preserve Farmer's error so that the "some harm" standard under *Almanza* applies. *See Kirsch*, 357 S.W.3d at 649, 652; *see also Louis v. State*, No. PD-0323-11, 2012 WL 2007632, at *8 (Tex. Crim. App. June 6, 2012) (noting the well-established jury charge harm analysis standards under *Almanza*).

The code of criminal procedure does not require a defendant to request an instruction in perfect form; rather, the requested charge must only be sufficient to call the trial court's attention to the omission in the court's charge. *Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996) (referencing Tex. Code Crim. Proc. Ann. art. 36.15); *see also Ex parte Moreno*, 245 S.W.3d 419, 430 (Tex.

Crim. App. 2008) ("A defendant's requested jury instruction need not be flawless *or even correct* in order to call the trial court's attention to a deficiency in the charge and thereby preserve error." (emphasis added)); *see also Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) ("Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury.").

In deciding whether the trial court understood the request for an instruction, we must examine the record for statements by the trial court that reflect what its understanding was, the general theme of the defense evidence, the various defensive theories presented at trial, and anything else that may shed light on whether the trial court understood the objection. *Jackson v. State*, 288 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

During his opening statement, Farmer's counsel said, "I will ask at the end of the testimony that what happened here was an inadvertent taking of a prescription medicine." Farmer and his wife both testified during the defense's case. Farmer testified that his wife put his pills out for him to make sure that he took them, that he did not intentionally take the wrong pill, and that he must have taken the wrong pill by accident or by mistake, thinking it was something else. Farmer's wife testified that she laid his pills out for him, including the one, Ambien, that he was supposed to take only at night, and that she felt responsible for the mistake because she had not set them far enough apart for Farmer to distinguish his morning pills from his evening pills.

9

During the charge conference, the trial court asked if there were any charge requests, and Farmer's counsel replied, "I have three proposed jury instructions. I need to make copies on two of them."

Farmer's requested instruction #1, as included in the record, reads as follows:

> You are instructed that involuntary intoxication is an affirmative defense to prosecution. A person is involuntary intoxicated when:
>
> 1. the accused has exercised no independent judgment or volition in taking the intoxicant; and
> 2. as a result of his intoxication he did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.
>
> In order to satisfy #1, you are hereby instructed [that] the accused:
>
> 1. was unaware he had ingested an intoxicating substance;
> 2. ingested an intoxicant by force or duress; or
> 3. took a prescribed medication according to the prescription.
>
> Therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, DEFENDANT, did drive while intoxicated, as alleged in the information, but you further believe from the evidence, or you have a reasonable doubt thereof, that the driving was the result of an involuntary intoxication of the defendant, then you will acquit the defendant and say by your verdict "Not Guilty."

His other two requested instructions, #2 and #3, have already been set out above.[6] After a brief recess, the trial court addressed Farmer's requested instructions:

---

[6]As we previously noted above, Farmer did not complain about the omission of requested instruction #1 in his appeal, and the State did not address

10

THE COURT:  All right.  So the evidence that we have here then is—and, again, before we—We'll recall each side to remember the test for an instruction is if there is any evidence in the record.  And it's not up to me, as the person who decides whether or not to put it in the charge, whether, you know, I think it's sufficient or enough.  The test is, is there any evidence in the record which if true would support the requested charge.

So, the way—and I'll listen to each side's comments.  But the way I've heard the evidence, it seems like it's saying that the defendant recognizes the substances were in his body.  He does not recollect how they got there.  His wife has testified that she laid out the Ambien on a microwave and also testified to not seeing it there on the day that the defendant was arrested, which would infer that the substance was—I mean, there's an ambiguous inference.  I mean, you could argue that he did know what it was when he took it, or you could just as forcefully argue that he saw the drug sitting there, he knew he was supposed to take them, and he took them.

So the question that we get at then is whether or not the—*We have a question, potentially, of voluntariness*, which would encompass voluntary intoxication.  I'm not so persuaded that the proposed—*Let's look at these jury instructions.  The first one, I'm a little bit concerned with this one because it looks like you're asking me to instruct them that in order to satisfy number one, you're hereby instructed that these things are true.  I'm a little bit concerned that that's kind of a comment on the evidence*.[7]  I think—I think I—I think jury instructions—So, *I'm willing to put in there something about voluntariness of the act* and voluntary intoxication.

State's position?  [Emphasis added.]

---

it in its original appellate brief, its petition for discretionary review in the court of criminal appeals, or its brief on remand.

[7]We think it clear from the record that the trial court is specifically referring to Farmer's requested instruction #1 here, which would in several ways constitute a comment on the weight of the evidence.  But neither party has argued *anything* about requested instruction #1 at *any* time, in *any* brief.

11

The State argued against Farmer's requested instructions based on *Nelson v. State*, 149 S.W.3d 206 (Tex. App.—Fort Worth 2004, no pet.), and *Aliff v. State*, 955 S.W.2d 892 (Tex. App.—El Paso 1997, no pet.), which we have previously discussed in *Farmer I*. *See* 2011 WL 1601311, at *4–5. And the State addressed involuntary intoxication, which we also discussed in *Farmer I*. *See id*. at *5 (stating involuntary intoxication is not a defense to DWI). The State then concluded in part by stating,

> And I believe in that [*Nelson* or *Aliff*] case they're saying that the only way that someone could possibly allow an involuntary intoxication defense is if maybe someone drank alcohol that someone had crushed medication into. You have to show some kind of conduct that someone had no control over that a third party did that a person could possibly not foresee that would show clearly that the act was involuntary.
>
> In this case, the defendant voluntarily took the intoxicant. Whether or not he remembered doesn't matter. Whether or not he knew exactly whether it was Ultram or Zolpidem, that doesn't matter. The fact is that he took the pill. He has a responsibility to know what he's actually ingesting in his system.

Farmer's counsel responded by stating,

> Judge, not withstanding State's argument, *I believe the facts of this case call for an involuntary instruction*. We're not talking about alcohol here. I have a defense of accident, also, and I'm entitled to that, also. I think the facts speak for themselves and I don't believe that this scenario is exactly the scenario that the State is talking about. [Emphasis added.]

The trial court replied, "Let me take a look at these cases."

After a recess, Farmer's counsel reurged his requested jury instructions, stating, "I think the facts of this case allow it and I would object to the Court not

12

including them in the jury charge." The trial court overruled his objection. Then Farmer's counsel asked to file his requested instructions, and the trial court stated, "I have them right here and, as soon as the clerk gets here, I'll have them filed." Farmer's counsel asked, "I did mark them 1, 2, and 3, correct, Judge?" The trial court responded, "Yes, sir."

During his closing argument, Farmer's counsel asked, "Do you think for a second he took [Ambien] intentionally? . . . You know the facts of this case. You know what happened here." The State responded by arguing that common sense should tell the jury that Farmer should have known which pills he was taking, stating, "Think about all of the evidence and really think about whether he really, really just had no idea, or should we put some responsibility on a grown man to take some care when taking dangerous drugs like this?"

Based on the foregoing and Farmer's requested written instructions set out above, which were all filed with the trial court, we think Farmer sufficiently called the trial court's attention to his request for an instruction on involuntary act. *See Posey v. State*, 966 S.W.2d 57, 61–62 (Tex. Crim. App. 1998) (stating that the defendant must object to the charge on a defensive issue before he may be heard to complain about it on appeal); *Wooley v. State*, 162 Tex. Crim. 378, 285 S.W.2d 218, 219–20 (1955) (stating that if the requested charge was sufficient to call the court's attention to error in the main charge, no further exception or objection to the charge is necessary to preserve error); *see also* Tex. Code Crim. Proc. Ann. art. 36.15 (West 2006) (stating that the defendant may "by a special

13

requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses."). Because Farmer preserved his jury charge complaint, in our harm analysis under *Almanza*, as previously addressed in *Farmer I*, he had only to show some harm. *See Kirsch*, 357 S.W.3d at 649, 652.

As we previously concluded that Farmer was entitled to an instruction about the voluntariness of his actions and that failure to include an instruction constituted some harm, we again sustain Farmer's sole point. *See Farmer I*, 2011 WL 1601311, at *6 (stating that the trial court's denial of Farmer's request for an instruction on the voluntariness of his actions constituted some harm, in that it denied him of a defense that, if believed by the jury, could have resulted in his acquittal); *see also Payne v. State*, 11 S.W.3d 231, 232 (Tex. Crim. App. 2000) (holding that a trial court's error in failing to instruct the jury on voluntariness of conduct is subject to a harm analysis under *Almanza*).

## IV. Conclusion

Having been instructed by our court of criminal appeals to consider the unarticulated objection to the requested instructions #2 and #3 in the trial court's charge with regard to a comment on the weight of the evidence, and having concluded that part of requested instruction #3 may have constituted a comment, we nonetheless again reverse the trial court's judgment because Farmer was still

entitled to an instruction on voluntariness, and we remand the case to the trial court.

                                        BOB MCCOY
                                        JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 18, 2012