02-09278-CV_REMAND









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-09-00278-CR

 

 


 
 
 Kody William Farmer
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 9 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1] ON
REMAND

----------

I.    
Introduction

This
case is on remand from the court of criminal appeals to consider the State’s
argument, not made in the trial court, that a proposed jury instruction from Appellant
Kody Farmer was a comment on the weight of the evidence.  See Farmer v.
State (Farmer II), No. PD-1041-11, 2011 WL 4072126, at *1 (Tex.
Crim. App. Sept. 14, 2011) (not designated for publication).  We reverse the
trial court’s judgment and remand the case for a new trial.

II.  
Background

The
facts of this case are set out in our previous opinion, Farmer v. State
(Farmer I), No. 02-09-00278-CR, 2011 WL 1601311, at *1–3 (Tex. App.—Fort
Worth Apr. 28, 2011, pet. granted) (mem. op., not designated for publication)(op.
on reh’g), judgm’t vacated, 2011 WL 4072126, at *1.  Suffice it to say
that Farmer was convicted for driving while intoxicated after ingesting Ambien
and Ultram, and we reversed the trial court’s decision to deny Farmer an
involuntary conduct instruction.  Id.  The court of criminal appeals
granted the State’s petition for discretionary review and instructed us to
consider whether the requested instruction was a comment on the weight of the
evidence.  See Farmer II, 2011 WL 4072126, at *1.

III. 
Requested Instruction

In
his appellate brief, Farmer complained that he did not receive the following jury
instruction, which was marked as #2 during the charge conference:

A person commits an offense only if he
voluntarily engages in conduct, including an act, or omission.  Conduct is not
rendered involuntary merely because the person did not intend the results of his
conduct.  Therefore, if you believe from the evidence beyond a reasonable doubt
that the defendant, Kody William Farmer, on or about the 19th day of April
2008, did not have the normal use of his mental or physical faculties by reason
of the introduction of a controlled substance to–wit:  zolpidem, tramadol, or a
combination of two or more of these substances, but you further believe from
the evidence, or have a reasonable doubt thereof, that Kody William Farmer took
these drugs by accident, and was not the voluntary act or conduct of the
defendant, you will acquit the defendant and say by your verdict “not guilty.”[[2]]

In
its response to Farmer’s appellate brief, the State argued that the trial court
“properly refused [Farmer’s] proposed charges as they were blatant comments on
the weight of the evidence” and that Farmer was not entitled to an instruction
on whether or not he committed a “voluntary act.”  The State argued that
Farmer’s requested instruction #2 must be read with another instruction that
Farmer also requested, marked as #3 at the charge conference, to understand its
comment-on-the-weight-of-the-evidence argument:

You are instructed that involuntary
intoxication by prescription medication, or medications, is a defense to
prosecution for an offense when it is shown that the accused has exercised no
independent judgment or volition in taking the intoxicant; and as a result of
his intoxication he did not know that his conduct was wrong or was incapable of
conforming his conduct to the requirement of the law he allegedly violated.  Such
a condition of the defendant must have existed at the very time of the alleged
commission of the offense.[[3]]

In Farmer
I, we reviewed Farmer’s complaint about the trial court’s exclusion of his
requested instruction #2, along with his requested instruction #3 as raised by
the State.  2011 WL 1601311, at *3–6.  We noted that a request for an
instruction on accident “is no request at all,” and that involuntary
intoxication is not a defense to DWI.  Id. at *5.  But we also concluded
that Farmer’s facts were distinguishable from earlier cases involving
prescription drugs and that because there was some evidence to suggest that
Farmer involuntarily took Ambien because of his wife’s act, the trial court’s
denial of Farmer’s requested instruction #2 constituted some harm under Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  Id.
at *6.  Because we did not feel it necessary to address the substance of
Farmer’s requested instruction #2 in order to resolve the issue before us of
whether Farmer was entitled to a voluntariness instruction at all, we
reversed the trial court’s judgment and remanded the case without considering
whether Farmer’s requested instruction #2, or his requested instruction #3 as
raised by the State, constituted an improper comment on the weight of the
evidence.  Id.

In
its petition for discretionary review, the State argued (1) that we erred by
failing to address its argument that the proposed jury charge was a blatant
comment on the weight of the evidence and (2) that we erred by holding that
Farmer’s action in taking his own prescription medicine was involuntary.  In
support of its first ground, the State once again set out Farmer’s requested
instructions #2 and #3 to support its argument that “the instruction to the
jury that they MUST believe that [Farmer] ‘exercised no independent judgment or
volition in taking the intoxicant’ is a blatant comment on the weight of the
evidence,” and that “the requested charges regarding whether or not he
committed a voluntary act in taking his prescription medication demanded that
the jury believe that he exercised ‘no independent judgment’ in taking his own
medications.”  The court of criminal appeals granted the State’s petition only
with regard to ground one.  Farmer II, 2011 WL 4072126, at *1.

A.  No
Objection

The State
did not object to Farmer’s requested instruction #2, or the other two
instructions requested by Farmer, as a comment on the weight of the evidence,
and we previously held that it therefore failed to preserve this argument for
review.  See Farmer I, 2011 WL 1601311, at *6.  However, the court of criminal
appeals has instructed us that

[w]hen the State is the prevailing party in the trial
court, it is not required to present a particular argument in order to raise
that argument in a defendant’s appeal; rather, the reviewing court is required
to view the evidence in a light most favorable to the trial court’s ruling and
uphold the ruling if correct on any theory of law applicable to the case.

Farmer
II,
2011 WL 4072126, at *1.  Therefore, we will consider the State’s previously
unarticulated objections set out above, which it also set out in its brief on
remand, as well as setting out what it considered the “pertinent” parts of Farmer’s
requested instructions #2 and #3.

B.  Comment
on the Weight of the Evidence

Code
of criminal procedure article 36.14 requires that the trial court deliver a
written charge “distinctly setting forth the law applicable to the case; not
expressing any opinion as to the weight of the evidence, not summing up the
testimony, discussing the facts or using any argument in his charge calculated
to arouse the sympathy or excite the passions of the jury.”  Tex. Code Crim.
Proc. Ann. art. 36.14 (West 2007).  The court of criminal appeals has recently
written on the issue of a jury instruction or definition being a comment on the
weight of the evidence, stating,

With only limited exceptions, the trial court may not
include an instruction that focuses the jury’s attention on a specific type of
evidence that may support a finding of an element of an offense.  Juries are
free to “consider and evaluate the evidence in whatever way they consider it
relevant to the statutory offenses,” and “special, non-statutory instructions,
even when they relate to statutory offenses or defenses, generally have no
place in the jury charge.”

An instruction, albeit facially
neutral and legally accurate, may nevertheless constitute an improper comment
on the weight of the evidence.

Kirsch
v. State, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012) (citations and
footnotes omitted).

We
have also observed that 

[a] charge that assumes the truth of a controverted issue
is a comment on the weight of the evidence and is erroneous.  Likewise, a
court’s jury instruction violates article 36.14 if it “obliquely or indirectly
co[n]vey[s] some opinion on the weight of the evidence by singling out that
evidence and inviting the jury to pay particular attention to it.”  Also on the
“near end” of the “improper-judicial comment” spectrum is an instruction that
is simply unnecessary and fails to clarify the law for the jury.

Hess
v. State, 224 S.W.3d 511, 514 (Tex. App.—Fort Worth 2007, pet.
ref’d) (citations omitted).  And we have noted that “[t]he trial court must
refrain from making any remark calculated to convey to the jury its opinion of
the evidence in a particular case.”  Harkins v. State, 268 S.W.3d 740,
745 (Tex. App.—Fort Worth 2008, pet. ref’d) (citing Tex. Code Crim. Proc. Ann. art.
38.05 (West 1979)).  A charge that assumes the truth of a controverted issue is
a comment on the weight of the evidence and is erroneous.  Id.

C.  The
State’s Argument and a Fair Reading of the Requested Instruction

The
State argues that the instructions—by which we infer, from the way the State
has laid them out in its various briefs, that it means Farmer’s requested
instructions #2 and #3—required the jury to believe Farmer’s story and demanded
that the jury “MUST” believe his theory of the case, but this argument is
without support.  As set out above, a fair reading of the only two instructions
discussed on appeal simply does not support what the State says.[4] 
Nonetheless, because the last sentence of Farmer’s requested instruction #3—the
“must” sentence—may improperly cast at least part of that instruction in the
language of command, it may arguably constitute an improper comment.[5] 
See Brown v. State, 122 S.W.3d 794, 799 (Tex. Crim. App. 2003) (stating,
in discussion of presumptions, that an instruction should be permissive rather
than mandatory), cert. denied, 541 U.S. 938 (2004).  But as our
discussion below demonstrates, whether it constitutes a comment on the weight
of the evidence remains irrelevant to our ultimate disposition of the appeal.

D. 
Resolution

The State
seeks for us to overrule Farmer’s sole point on appeal, which is:  “The trial
court erred in denying Appellant’s request for a jury instruction on whether or
not he committed a ‘voluntary act.’”  And as noted above, the court of criminal
appeals refused the State’s second ground:  “Did the Court of Appeals err in
holding that Appellant’s action in taking his own prescription medicine was
‘involuntary?’”  See Farmer II, 2011 WL 4072126, at *1.  Therefore, the
real issue before us remains whether requested instruction #2, if flawed, was
still sufficient to bring the issue of voluntary conduct to the trial court’s
attention and thereby preserve Farmer’s error so that the “some harm” standard
under Almanza applies.  See Kirsch, 357 S.W.3d at 649, 652; see
also Louis v. State, No. PD-0323-11, 2012 WL 2007632, at *8 (Tex. Crim.
App. June 6, 2012) (noting the well-established jury charge harm analysis
standards under Almanza).

The
code of criminal procedure does not require a defendant to request an
instruction in perfect form; rather, the requested charge must only be
sufficient to call the trial court’s attention to the omission in the court’s
charge.  Chapman v. State, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996)
(referencing Tex. Code Crim. Proc. Ann. art. 36.15); see also Ex
parte Moreno, 245 S.W.3d 419, 430 (Tex. Crim. App. 2008) (“A defendant’s
requested jury instruction need not be flawless or even correct in order
to call the trial court’s attention to a deficiency in the charge and thereby
preserve error.” (emphasis added)); see also Bennett v. State,
235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (“Defensive instructions must be
requested in order to be considered applicable law of the case requiring
submission to the jury.”).

In
deciding whether the trial court understood the request for an instruction, we
must examine the record for statements by the trial court that reflect what its
understanding was, the general theme of the defense evidence, the various
defensive theories presented at trial, and anything else that may shed light on
whether the trial court understood the objection.  Jackson v. State, 288
S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).

During
his opening statement, Farmer’s counsel said, “I will ask at the end of the
testimony that what happened here was an inadvertent taking of a prescription
medicine.”  Farmer and his wife both testified during the defense’s case.  Farmer
testified that his wife put his pills out for him to make sure that he took
them, that he did not intentionally take the wrong pill, and that he must have
taken the wrong pill by accident or by mistake, thinking it was something else.
 Farmer’s wife testified that she laid his pills out for him, including the one,
Ambien, that he was supposed to take only at night, and that she felt
responsible for the mistake because she had not set them far enough apart for
Farmer to distinguish his morning pills from his evening pills.

During
the charge conference, the trial court asked if there were any charge requests,
and Farmer’s counsel replied, “I have three proposed jury instructions.  I need
to make copies on two of them.”

Farmer’s
requested instruction #1, as included in the record, reads as follows:

You are instructed that involuntary intoxication is an
affirmative defense to prosecution.  A person is involuntary intoxicated when:

1.       the accused
has exercised no independent judgment or volition in taking the intoxicant; and

2.       as a result of his intoxication he did not know
that his conduct was wrong or was incapable of conforming his conduct to the
requirements of the law he allegedly violated.

In order to satisfy #1, you are hereby instructed [that] the
accused:

1.       was unaware
he had ingested an intoxicating substance;

2.       ingested an
intoxicant by force or duress; or

3.       took a prescribed medication according to the
prescription.

Therefore, if you believe from the evidence beyond a
reasonable doubt that on the occasion in question the defendant, DEFENDANT, did
drive while intoxicated, as alleged in the information, but you further believe
from the evidence, or you have a reasonable doubt thereof, that the driving was
the result of an involuntary intoxication of the defendant, then you will
acquit the defendant and say by your verdict “Not Guilty.”

His
other two requested instructions, #2 and #3, have already been set out above.[6] 
After a brief recess, the trial court addressed Farmer’s requested
instructions:

THE COURT:  All right.  So the evidence that we have here
then is—and, again, before we—We’ll recall each side to remember the test for
an instruction is if there is any evidence in the record.  And it’s not up to
me, as the person who decides whether or not to put it in the charge, whether,
you know, I think it’s sufficient or enough.  The test is, is there any
evidence in the record which if true would support the requested charge.

So, the way—and I’ll listen to each
side’s comments.  But the way I’ve heard the evidence, it seems like it’s
saying that the defendant recognizes the substances were in his body.  He does
not recollect how they got there.  His wife has testified that she laid out the
Ambien on a microwave and also testified to not seeing it there on the day that
the defendant was arrested, which would infer that the substance was—I mean,
there’s an ambiguous inference.  I mean, you could argue that he did know what
it was when he took it, or you could just as forcefully argue that he saw the
drug sitting there, he knew he was supposed to take them, and he took them.

So the question that we get at then is
whether or not the—We have a question, potentially, of voluntariness,
which would encompass voluntary intoxication.  I’m not so persuaded that the
proposed—Let’s look at these jury instructions.  The first one, I’m a little
bit concerned with this one because it looks like you’re asking me to instruct
them that in order to satisfy number one, you’re hereby instructed that these
things are true.  I’m a little bit concerned that that’s kind of a comment on
the evidence.[[7]]  I think—I think I—I
think jury instructions—So, I’m willing to put in there something about
voluntariness of the act and voluntary intoxication.

State’s position?  [Emphasis added.]

The
State argued against Farmer’s requested instructions based on Nelson v.
State, 149 S.W.3d 206 (Tex. App.—Fort Worth 2004, no pet.), and Aliff v.
State, 955 S.W.2d 892 (Tex. App.—El Paso 1997, no pet.), which we have
previously discussed in Farmer I.  See 2011 WL 1601311, at *4–5. 
And the State addressed involuntary intoxication, which we also discussed in Farmer
I.  See id. at *5 (stating involuntary intoxication is not a defense
to DWI).  The State then concluded in part by stating,

And I believe in that [Nelson or Aliff]
case they’re saying that the only way that someone could possibly allow an
involuntary intoxication defense is if maybe someone drank alcohol that someone
had crushed medication into.  You have to show some kind of conduct that
someone had no control over that a third party did that a person could possibly
not foresee that would show clearly that the act was involuntary.

In this case, the defendant
voluntarily took the intoxicant.  Whether or not he remembered doesn’t matter. 
Whether or not he knew exactly whether it was Ultram or Zolpidem, that doesn’t
matter.  The fact is that he took the pill.  He has a responsibility to know
what he’s actually ingesting in his system.

Farmer’s
counsel responded by stating,

Judge, not withstanding State’s argument, I believe
the facts of this case call for an involuntary instruction.  We’re not
talking about alcohol here.  I have a defense of accident, also, and I’m
entitled to that, also.  I think the facts speak for themselves and I don’t
believe that this scenario is exactly the scenario that the State is talking
about.  [Emphasis added.]

The
trial court replied, “Let me take a look at these cases.”

After
a recess, Farmer’s counsel reurged his requested jury instructions, stating, “I
think the facts of this case allow it and I would object to the Court not including
them in the jury charge.”  The trial court overruled his objection.  Then
Farmer’s counsel asked to file his requested instructions, and the trial court
stated, “I have them right here and, as soon as the clerk gets here, I’ll have
them filed.”  Farmer’s counsel asked, “I did mark them 1, 2, and 3, correct,
Judge?”  The trial court responded, “Yes, sir.”

During
his closing argument, Farmer’s counsel asked, “Do you think for a second he
took [Ambien] intentionally? . . .  You know the facts of this case.  You know
what happened here.”  The State responded by arguing that common sense should
tell the jury that Farmer should have known which pills he was taking, stating,
“Think about all of the evidence and really think about whether he really,
really just had no idea, or should we put some responsibility on a grown man to
take some care when taking dangerous drugs like this?”

Based
on the foregoing and Farmer’s requested written instructions set out above,
which were all filed with the trial court, we think Farmer sufficiently called
the trial court’s attention to his request for an instruction on involuntary
act.  See Posey v. State, 966 S.W.2d 57, 61–62 (Tex. Crim. App. 1998)
(stating that the defendant must object to the charge on a defensive issue
before he may be heard to complain about it on appeal); Wooley v. State,
162 Tex. Crim. 378, 285 S.W.2d 218, 219–20 (1955) (stating that if the
requested charge was sufficient to call the court’s attention to error in the
main charge, no further exception or objection to the charge is necessary to
preserve error); see also Tex. Code Crim. Proc. Ann. art. 36.15 (West 2006)
(stating that the defendant may “by a special requested instruction, call the
trial court’s attention to error in the charge, as well as omissions therefrom,
and no other exception or objection to the court’s charge shall be necessary to
preserve any error reflected by any special requested instruction which the
trial court refuses.”).  Because Farmer preserved his jury charge complaint, in
our harm analysis under Almanza, as previously addressed in Farmer I,
he had only to show some harm.  See Kirsch, 357 S.W.3d at 649, 652.

As we
previously concluded that Farmer was entitled to an instruction about the
voluntariness of his actions and that failure to include an instruction
constituted some harm, we again sustain Farmer’s sole point.  See Farmer
I, 2011 WL 1601311, at *6 (stating that the trial court’s denial of
Farmer’s request for an instruction on the voluntariness of his actions
constituted some harm, in that it denied him of a defense that, if believed by
the jury, could have resulted in his acquittal); see also Payne v. State,
11 S.W.3d 231, 232 (Tex. Crim. App. 2000) (holding that a trial court’s error
in failing to instruct the jury on voluntariness of conduct is subject to a
harm analysis under Almanza).

IV.
 Conclusion

Having
been instructed by our court of criminal appeals to consider the unarticulated
objection to the requested instructions #2 and #3 in the trial court’s charge with
regard to a comment on the weight of the evidence, and having concluded that
part of requested instruction #3 may have constituted a comment, we nonetheless
again reverse the trial court’s judgment because Farmer was still entitled to
an instruction on voluntariness, and we remand the case to the trial court.

 

BOB MCCOY

JUSTICE

 

PANEL: 
DAUPHINOT, WALKER,
and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 18, 2012



 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00278-CR

 

 









 
 
 Kody
 William Farmer
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal
 Court No. 9
  
 of
 Tarrant County (1112339)
  
 October
 18, 2012
  
 Opinion
 by Justice McCoy
  
 (nfp)
 
 


 

JUDGMENT ON REMAND

 

          This
appeal is on remand from the Court of Criminal Appeals. This court has again considered
the record on appeal in this case and holds that there was error in the trial
court’s judgment.  It is ordered that the judgment of the trial court is
reversed and the case is remanded for a new trial.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

    Justice Bob McCoy

 









[1]See Tex. R. App. P. 47.4.





[2]This portion of the
instruction is almost verbatim from the involuntary conduct instruction in Texas
Practice Series:  Criminal Forms and Trial Manual.  See Michael J.
McCormick et al., Texas Practice Series:  Criminal Forms and Trial Manual
§ 105.11 (11th ed. 2005).





[3]The State set out what it
considered the “pertinent” parts of instructions #2 and #3 in its original
brief, its petition for discretionary review, and its brief on remand; it did
not set out anything from Farmer’s requested instruction marked as #1 during
the charge conference.  We have set out Farmer’s requested instruction #1 below
in our discussion of whether Farmer sufficiently brought the voluntary act
instruction to the trial court’s attention.





[4]We expressed no opinion on
the substance of Farmer’s requested instructions #2 and #3 in Farmer I
because the issue before us was whether an instruction was warranted
rather than the language used.  See Farmer I, 2011 WL 1601311, at
*6.  We did not address Farmer’s requested instruction #1, set out below,
because no one raised it in the original appeal, as no one has done in any of
the briefs filed with regard to this case.





[5]Again, we pointed out in Farmer
I that involuntary intoxication is not a defense to DWI and that the
defense of accident is no longer available.  See 2011 WL 1601311, at *5.





[6]As we previously noted
above, Farmer did not complain about the omission of requested instruction #1
in his appeal, and the State did not address it in its original appellate
brief, its petition for discretionary review in the court of criminal appeals,
or its brief on remand.





[7]We think it clear from the
record that the trial court is specifically referring to Farmer’s requested
instruction #1 here, which would in several ways constitute a comment on the
weight of the evidence.  But neither party has argued anything about
requested instruction #1 at any time, in any brief.